## STUTSMAN V. CITY OF CHEYENNE.
### (No. 626.)

Municipal Ordinances—Violation—Prosecution—Appeal From Police Justice—Procedure Upon Appeal—Trial—Jury Trial—Statutory Construction—Complaint for Violation of Municipal Ordinance—Sufficiency—Appeal and Error—Conflicting Evidence.

1. A section in the charter of the City of Cheyenne provided that on an appeal from the Police Justice in a prosecution for the violation of a city ordinance, the case shall stand for trial at the next term of the District Court upon the transcript, and that no trial *de novo* shall be had. A later general statute provided that appeals from Police Justices shall be allowed in all cases, such appeals to be taken in the manner provided by law for appeals from Justices of the Pease. *Held.* (1) The taking of an appeal is a matter of procedure and consists in taking the statutory steps to transfer the case to a higher court and can only be taken when allowed by law. It is the method whereby the appellate court acquires such jurisdiction of the case as may be prescribed by statute; and the statutes make a distinction between taking an appeal and the procedure in the District Court after the appeal is taken. (2) The later statute to the effect that appeals from Police Justices shall be taken in the manner provided by law for appeals from Justices of the Peace relates only to the method of taking the appeal, and is not in conflict with the charter provision that the case when appealed shall not be tried *de novo,* but shall stand for trial upon the transcript; and there is no statutory provision for the procedure upon the appeal after it is taken other than that found in the charter, which limits the District Court to a trial upon the certified transcript. (3) The appellant in such case is not entitled to a trial in the District Court before a common law jury.

2. An appeal from a Police Justice is subject to statutory regulation.

3. A complaint for the violation of a municipal ordinance in permitting certain premises while in the possession of the accused to be used and occupied for the practice of fornication is sufficiently specific as to time, which alleges that the premises were permitted to be so used and occu-

pied between the first day of August, 1907, and the nine-
teenth day of September, 1907.

4. A complaint for the violation of a municipal ordinance
which described the act and alleged that it was committed
contrary to the provisions of an ordinance referred to by
title, section, and date of passage, sufficiently states a
cause of action, as against a demurrer.

5. Upon the trial of an accused for the violation of a municipal
ordinance, the evidence was conflicting, that of the city
tending to show the truthfulness of the charge. *Held,* that
upon such conflict the judgment would not be disturbed.

[Decided February 6, 1911.]                    (113 Pac. 322.)

ERROR to the District Court, Laramie County, HON. ROD-
ERICK N. MATSON, Judge.

The material facts are stated in the opinion.

*W. B. Ross* and *W. R. Stoll,* for plaintiff in error.

(An abstract of the brief upon the right of the plaintiff
in error to a jury trial in the District Court upon her appeal
from the police justice will be found in the abstract of briefs
in the report of the case between the same parties, No. 625.
It was further contended in this case that the evidence
was insufficient to sustain the verdict, and similar conten-
tions were made as- to the sufficiency of the complaints that
were made in the other case above mentioned.)

*William A. Riner,* for the defendant in error, relied upon
his brief in the other case between the same parties above
referred to.

SCOTT, JUSTICE.

The plaintiff in error was charged, tried and convicted in
a police court of the City of Cheyenne and sentenced to pay
a fine of $85.00 and costs amounting to $8.00, for the viola-
tion of an ordinance which provides for the punishment of
persons who keep or maintain a house of ill fame or place
for the practice of fornication within the limits of said city.
An appeal was duly taken from the judgment to the Dis-

trict Court of Laramie County.  The judgment was affirmed and the case comes here on error.

1.  It is assigned as error that the District Court erred in denying the plaintiff in error the right of trial by a common law jury.  The proceedings in that court were in accordance with Sec. 1291, R. S. 1899, which appears in Comp. Stat. 1910 as Sec. 1383.  This section is part of the original charter of the city, which provides that upon such appeal "The case shall stand for trial at the next term of the District Court upon the transcript thus filed.; Provided, no trial *de novo* shall be had in the District Court."

It is provided by an ordinance of the city that in all cases before the police justice for any violation of the ordinances the defendant may demand a trial by jury upon paying the jury fees in advance.  The jury shall consist of such number, and possess the same qualifications as is required by the general laws of this state in trials before justices of the peace.  While the right of trial by jury in criminal cases is guaranteed, yet it is provided by Section 9, Art. I, of the Constitution that "a jury in civil cases in all courts or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law."  It is provided by Section 5237, Comp. Stat. 1910, that in civil actions before justices of the peace a jury trial may be had, but that the jury shall consist of six persons.  By Section 6092 it is provided in criminal cases before justices of the peace that "upon a plea other than a plea of 'guilty', if the defendant do not demand a trial by jury, the justice must proceed to try the issue unless a change of venue be applied for by the defendant."  By Section 6099 such jury shall consist of six persons, and by Section 6096 they shall possess the qualifications of jurors in the District Court.  The plaintiff in error demanded trial by jury in the police court and was tried by a jury of six persons under the foregoing provisions and found guilty.  The constitutionality of such statutes and the ordinance are conceded.

The question here is, was the plaintiff in error entitled to a trial *de novo* in the District Court, and if that question be decided adversely to her contention, then she was not entitled to a jury trial in that court. She there demanded trial by jury. It is here contended that this is a criminal action within the meaning of the constitution and that the District Court was powerless to enter judgment except upon trial and verdict by such common law jury. In support of this contention it is urged that in so far as the provision of Sec. 1383 limits the District Court to a trial upon the transcript in this case it is in contravention of Sec. 9, Art. I of the Constitution, which provides that "The right of trial by jury shall remain inviolate in criminal cases, but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law," and of Sec. 10, Art. I, which provides that "In all criminal prosecutions the accused shall have the right * * * to a speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed." The keeping of a house of ill fame is a crime under the laws of the state, (Sec. 5909, Comp. Stat. 1910) and the state had power to prosecute the plaintiff in error, either upon information or indictment, for keeping such a place. It is, however, conceded that the proceedings in the police court were regular, but it is contended that the constitutional provisions with reference to trial by jury of twelve men in criminal cases became immediately applicable upon perfecting the appeal. If it be conceded that the statute authorizes a trial *de novo* in the District Court it would still be a trial for the violation of an ordinance because that is the offense charged. The police justice had no jurisdiction to hear and try criminal cases for violation of the state statutes. The information does not purport on its face to be a prosecution by the state. It does not comply with Sec. 15, Art. V, which provides: "The style of all process shall be 'The State of Wyoming'." All prosecutions shall be carried on in the name and by the

authority of the State of Wyoming and conclude "against
the peace and dignity of the State of Wyoming." Nor is
the complaint sufficient as charging a crime under the statute
in a justice court for the reason that the state is not named
as a party to the action. The city is authorized by its
charter to collect fines and penalties for violation of its
ordinances for the use and benefit of the city and the com-
plaint is therefore properly entitled "City of Cheyenne v.
Anna L. Stutsman." (Sec. 8416, Dillon Municipal Corp.)
The question was simply one between the city on one
side and the plaintiff in error upon the other, as to whether
she had violated the ordinance.

It was provided by the charter (Sec. 146, R. S. 1887) that
the police justice should "have jurisdiction to hear and
determine all cases arising under the ordinances of the city
and the practice before such justice in such cases shall con-
form as near as may be to the provisions of the justice
code concerning complaints and continuances." It was
manifestly left to the city to provide within the limits of
this section the mode of practice in the police court upon
complaints for the violation of its ordinances, and it is
conceded that the case was tried in accordance with the
provisions of the ordinances regulating the procedure and
which were in force at the time of the trial. Such ordin-
ances manifestly did not apply to the method of taking the
appeal, for that subject was regulated by statute. It is
urged that these two provisions (Sections 146 and 1383,
*supra*) as they appeared in the charter were amended by
Secs. 949, 950, 952, Comp. Stat. 1910, being Secs. 1, 2, and
4 of L. 1905, Ch. 27, which are as follows:

"Sec. 949. There is hereby created and established in
each of the incorporated cities or towns in the State of
Wyoming, whether incorporated or existing under a spe-
cial charter or a general act, and whether now in existence
or hereafter incorporated under the laws of the state, a
municipal court for the trial of all offenses arising under

ordinances of said incorporated city or town, as the case may be."

"Sec. 950. The judges of such municipal courts shall be styled police justices, and they shall be in number as may be prescribed by the ordinances of each of such incorporated cities or towns, and their jurisdiction shall be as prescribed either in special charter under which such incorporated city or incorporated town exists, or the general law under which such incorporated city or incorporated town was organized, or as may be prescribed by any general law of the state passed for that purpose."

"Sec. 952. The procedure of such municipal courts shall as nearly as possible conform to that provided by the general laws of the state in courts of the justice of the peace, but such incorporated city or town may by ordinance provide such additional rules of procedure as may be found necessary for the proper conduct of such municipal courts; Provided, That the same do not conflict with the general laws of the state and appeals to the District Court from the judgments and decisions of said police justices shall be allowed, in all cases, such appeals to be taken in the manner now provided by laws for appeals from justices of the peace."

The police justice thus provided for by Section 950, retains the jurisdiction as prescribed in the charter, except in so far as it may have been changed by amendment, together with such additional powers, if any, as may have been provided by this or any other general act applicable to cities operating under a special charter or under a general statute.

It is contended that Section 952, it being a later law, is in conflict with the provisions of Section 1383, limiting the District Court to a trial upon the transcript and providing that no trial *de novo* should be had upon the appeal, and that the last expression of the Legislature must govern. In support of this contention it is argued that the provision of Section 952, "That * * * appeals from the judg-

ments and decisions of said police justices shall be allowed in all cases, said appeals to be taken in the manner now provided by laws for appeals from justices of the peace," applies as well to the procedure in the District Court after the appeal has been perfected as to the manner of taking the appeal. If this contention be correct then the appellant was entitled to a trial *de novo* in the District Court, notwithstanding the provisions of Section 1383. The question must be determined upon a construction of the words of the proviso, and we cannot read into the statute a meaning other than what its words plainly import. The taking of an appeal is a matter of procedure and consists in taking the statutory steps to transfer the case to a higher court and can only be taken when allowed by law. (24 Cyc. 660.) It is the method whereby the appellate court acquires such jurisdiction of the case as may be prescribed by statute. By Sec. 5260 "Any final judgment of a justice of the peace in a civil action, except as otherwise provided, may be taken to the District Court of the county in which the same shall have been rendered in one of the following ways:.

"1. By appeal. 2. By proceedings in error, in accordance with the provisions of Chapter 326, Wyoming Compiled Statutes." By Sec. 5264 it is provided that "any case appealed shall stand for trial * * * *de novo* and the trial shall be had upon the pleadings and issues filed and made in the court appealed from." It is thus apparent that in civil cases appealed from a justice court the statute makes a distinction between the manner or method of taking the appeal and the procedure of the court to which the case is appealed. Secs. 6119 to 6121, inclusive, relate to the method of taking an appeal from the justice court in criminal cases. Sec. 6122 provides that, "The cause when thus appealed shall stand for trial anew in the District Court in the same manner that it should have been tried before the justice and as nearly as practicable as an issue of fact upon an indictment, without regard to technical errors or defects, which have not prejudiced the substantial rights

of either party, and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly." Here also the statute makes a distinction between taking the appeal and the procedure in the District Court after the appeal is taken. The words "when thus appealed" mean after the appeal has been taken or perfected, and the jurisdiction of the appellate court has attached to try the case *de novo* or anew. In Golden City v. Hall, 68 Mo. App. Rep., 627, the defendant was prosecuted and convicted before the mayor for the violation of an ordinance and took an appeal to the circuit court, was again convicted, and appealed to the court of appeals. It was there suggested that the case was a civil and not a criminal case, and in discussing that question the court say: "But under the statute now governing cities of the fourth class, to which the plaintiff belongs, (Laws 1895, page 65) it is provided by Section 35 that in trials under ordinances the trial before the mayor shall be 'as in prosecutions before justices of the peace'. And by the terms of Section 44 appeals shall be taken to the court having criminal jurisdiction; and that it shall be taken as in misdemeanor cases before a justice of the peace. It is also further provided that the court to which the appeal is thus taken shall proceed with the cause as is provided on appeals from a justice of the peace in misdemeanors and that the judgment will be enforced as in cases of misdemeanors before a justice of the peace. In our opinion this statute classifies prosecutions under ordinances of cities of the fourth class as misdemeanors, and provides for the like procedure as in misdemeanor cases." It will be observed from the above quotation that the procedure in the appellate court after such appeal has been taken was especially provided by statute. It seems clear in the case here presented whether it be civil or *quasi* criminal in its nature, a question which need not here be decided, that Section 952 relates only to the method of taking the appeal,

that it is not in conflict with, nor is there any other statutory provision for the procedure in the District Court upon appeals from convictions for the violation of the ordinances of the City of Cheyenne other than that provided in Sec. 1383, which limits the District Court to a trial upon the certified transcript from the police justice.

Such appeal is subject to regulation by statute. Sec. 23, Art. V of the Constitution is as follows: "Appeals shall lie from the final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law." With reference to the jurisdiction of the District Court it is provided by Art. V, Sec. 10, that "They shall have such appellate jurisdiction in cases arising in justices and other inferior courts in their respective counties as may be prescribed by law." It is thus seen that the right of appeal from a judgment of the police magistrate to the District Court is given by Sec. 23, *supra*, and by Sec. 10, *supra*, the jurisdiction acquired by such District Court by such appeal is such as may be prescribed by law. The police justice had exclusive original jurisdiction to try the plaintiff in error for the violation of the ordinance, and the District Court took jurisdiction only by the appeal. Its jurisdiction was limited by Section 1383 to a trial upon the transcript and without a trial anew. We think such limitation as it existed in the charter at the time of the adoption of the Constitution was continued in force by Section 3, Art. XXI, which provided that "All laws now in force in the Territory of Wyoming, which are not repugnant to this constitution, shall remain in force until they expire by their own limitation or be altered or repealed by the Legislature" and expressly recognized by Section 27, Art. III, which provides that no special or local law shall be passed changing or amending the charter of any city.

The plaintiff in error was given one trial in the police court as of right, and the jurisdiction of the District Court to try the case *de novo* was expressly withheld upon the

appeal by Section 1383, and limited to a review of the case upon the certified transcript of the magistrate's docket. This was an express grant given to the defendant in its charter.    The appeal did not bring up the case for an entire new trial throughout.    The judgment was not vacated but was suspended by the appeal, and the trial in the District Court was not for the purpose of entering a new judgment, but to determine whether the judgment appealed from should be vacated or affirmed.    The District Court had no jurisdiction to try the case *de novo* nor to award a new trial.    (City of Cheyenne v. O'Connell, 6 Wyo. 499.) Had the judgment been vacated the appellant would have been entitled to her discharge and upon its affirmance judgment was rendered against her and her sureties in the undertaking on appeal, and the enforcement of the judgment against the appellant and her sureties upon certificate thereof to the magistrate's court is by the statute vested in the latter.    The District Court did not err in refusing to try the case *de novo* or in refusing to set the case down for such trial before a common law jury.

2.    The plaintiff in error made her motion in the police court to require the city to make its complaint more definite and certain.    This motion was denied and she excepted and the sustaining of this ruling by the District Court is here assigned as error.    The charging part of the complaint is as follows:    "I, Peter Bergerson, being duly sworn, on oath depose and say that Anna Stutsman, between the 1st day of August, 1907, and the 19th day of September, A. D. 1907, at the City of Cheyenne, aforesaid, did permit the premises situated at number 1600 Bent street while the same were in her possession, to be used and occupied for the practice of fornication, in violation, and contrary to the form, of an ordinance of said city, entitled 'An ordinance concerning offenses in the nature of misdemeanors, defining the powers of the police court of the city and the mode of procedure therein and the duties of police officers of the City of Cheyenne,' and of Article. I, Section

8, thereof, passed the 17th day of July, A. D. 1874, which provides for the punishment of persons who violate the provisions thereof."

It is here contended that the time of the act complained of is not specific and that the charge of permitting the house while in her possession to be used and occupied for the practice of fornication between the dates there named, was not sufficiently specific in the absence of an allegation of *continuando*. In support of such contention we are referred to 1 Bish. Crim. Proc., Secs. 386-406. It is apparent that Mr. Bishop is there discussing the requisites of an information or indictment where the accused is prosecuted for a crime under the statute. We are not aware that the same technical nicety of pleading or that a strict rule of construction is required in a complaint for the violation of an ordinance. (Secs. 413, 414, Dillon on Municipal Corp.) Here the offense complained of and the time between certain dates being given imports a continuous act between such dates, that is, that she permitted the premises to be resorted to at any time between those dates for such unlawful purpose. We are of the opinion that the information was sufficiently specific and that the ruling of the District Court was correct.

3. The plaintiff in error demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The magistrate overruled the demurrer, exception was taken and the affirmance of the ruling by the District Court is here assigned as error. The law upon this question is stated in Sec. 413, Dillon Municipal Corp., as follows: "The courts, unless they are the courts of the municipality, do not judicially notice the ordinances of a municipal corporation, unless directed by charter or statute to do so. Therefore, such ordinances, when sought to be enforced by action, or when set up by the defendant as a protection, should be set out or stated in substance in the pleading. It has been some times decided that it is not sufficient that they be referred to generally by

the title or section. It is, however, believed to be sufficient, in the absence of special legislative provision prescribing the manner of pleading, to set forth the legal substance of that part of the ordinance alleged to have been violated, it being advisable, for purposes of identification, to refer also to the title, date and · section. The liberal rules of pleading and practices which characterize modern judicial proceedings should extend to, and doubtless would be held to embrace, suits and prosecution to enforce the by-laws or ordinances of municipal corporations." The complaint in this case describes the act and alleges that it was committed contrary to the provisions of an ordinance referred to by title, section and date of passage. This, we think, brings the case within the rule above stated by Judge Dillon, which rule is abundantly supported by authorities cited in the foot notes. We are therefore of the opinion that the complaint was sufficient to withstand the demurrer.

4. It is urged that the evidence is insufficient to support the judgment. The evidence was conflicting, and that of the city tended to show the truthfulness of the charge preferred. Upon such conflict of evidence the judgment will not be disturbed. The judgment will be affirmed.

*Affirmed.*

BEARD, C. J., and POTTER, J., concur.