**NEW MIAMI (Village), Appellant, v. WHITE, Appellee.**

Ohio Appeals, First District, Butler County.

Nos. 859 & 860. Decided July 2, 1943.

442

Wonnell & Brown, Hamilton, for appellant.
Neilan & Connaughton, Hamilton, for appellee.

## OPINION

By HILDEBRANT, J.

Appellee, defendant was convicted in the mayor's court of the village of New Miami in two cases for violations of Ordinances Nos. 13 and 214, respectively, both of which provided imprisonment as part of the penalty.

On arraignment, after a reading of the charges, defendant offered the following motion which was overruled in each instance and the mayor proceeded to try the defendant without a jury.

"Now comes the defendant, Charles White, Jr., by his counsel, and moves the court for an order dismissing the affidavits preferred against him in these cases for the reason that the same charge offenses punishable by imprisonment and for the reason that the mayor of the village of New Miami is without jurisdiction to try said matters."

Defendant offered no evidence, but at the close of the cases for the village renewed his motions and demurred to the evidence and the affidavits.

The Common Pleas Court of Butler county reversed said convictions and remanded the causes for proceedings according to law. Whereupon, the village appeals to this court on questions of law, contending defendant failed and neglected to demand a jury and, therefore, under §13424-1 GC, had waived that right, the mayor had jurisdiction to proceed with the trials in the manner in which he did do so.

Defendant contends §§4535 et seq, GC, apply and that his motions were equivalent to asking a jury trial, or that the mayor proceed under those sections, and hence had no jurisdiction to try the cases as he did.

The **Ohio Constitutions of 1802 (Art. VIII. §8) and 1851 (Art I, §5)** declare the right of trial by jury shall be inviolate, recognizing the preexisting common law right. **Article I, §10 of the Ohio Constitution of 1851** further provides: "In any trial, in any court, the party accused shall have the right to a speedy public trial by an

impartial jury of the county in which the offense is alleged to have been committed."

These constitutional provisions have been construed to mean the right of trial by jury exists where imprisonment is part of the penalty. Work v. State, 2 Oh St 296; Inwood v. State, 42 Oh St 186; Smith ex v. Smith, 69 Oh St 196; State v. Borham, 72 Oh St 358; Hoffrichter v. State, 102 Oh St 65; Stiess v. State, 103 Oh St 33; Cochran v. State, 105 Oh St 541.

The right to trial by jury where imprisonment is part of the penalty is, therefore, a constitutional right as distinguished from the right granted by statute, where, for example, the fine exceeds a certain amount. Sec. 4535 et seq, GC, occurs in Title XII of the Code, which is devoted to Municipal Corporations, and under the heading "Villages" appears as follows:

"Sec. 4535. In villages, the mayor shall have final jurisdiction to hear and determine any prosecution for the violation of an ordinance of the corporation, unless imprisonment is prescribed as part of the punishment, and in keeping his dockets and files, he shall be governed by the laws pertaining to justices of the peace."

"Sec. 4537. He shall have the jurisdiction in the cases mentioned in the last two sections, notwithstanding the right to a jury, if before the commencement of the trial, a waiver in writing, subscribed by the accused, is filed in the case."

"Sec. 4538. He may summon a jury, and try the accused, in any prosecution for the violation of an ordinance, where imprisonment is a part of the prescribed punishment, and the accused does not waive a jury, and in such case, judgment shall be rendered in accordance with the verdict, unless a new trial, for sufficient cause, is granted."

"Sec. 4539. He may decline to permit the trial, mentioned in the last section, if in his opinion the public interest will be thereby promoted, and having entered that fact on his docket, proceed to inquire into the complaint, and discharge the accused, recognize him to the court of common pleas, or commit him in default of bail, and in such case the court of common pleas shall have jurisdiction of the offense."

No waiver in writing appears of record. We, therefore, conclude the duty of the mayor under these sections to have been to, either summon a jury, or function as a magistrate only under §4539 GC.

Section 13422-1 et seq, GC, relied upon by the village, occurs in the title of the Code dealing with Criminal Procedure generally and defines the word magistrate for the purposes of the title to in-

clude mayors of municipal corporations, with §13424-1 GC, reading:

"In prosecutions before a magistrate, when imprisonment is a part of the punishment, if a trial by jury is demanded, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him. Failure to demand a jury as in this section provided, shall be deemed a waiver of the same."

Even if the contention of the village, that no jury demand were made, be correct, it appears to the court that the specific sections, of long standing, relating to village mayors and village ordinances prevail over the general section, passed at a much later date. Again, the motions of defendant, the court feels, were sufficient to notify the mayor that defendant was standing on all his legal rights, and although a jury was not demanded in so many words, defendant's action was the equivalent thereof and the mayor should have summoned a jury or inquired into the complaints as a magistrate. Secs. 13422-1 et seq, GC, were passed to modernize and synchronize an archaic procedure with the modern complexities of society, wherein many new crimes and misdemeanors malum prohibita are noticed, and is applied to village mayors in state cases only.

Judgment affirmed and cause remanded for further proceedings in accordance with the judgment of the Court of Common Pleas.

ROSS, P. J., and MATTHEWS, J., concur.