In re Quatman.

(No. 172—Decided February 28, 1953.)

*Messrs. Durbin, Navarre & Risor,* for petitioner.
*Mr. George Monahan,* for respondent.

*Per Curiam.* This cause is submitted on application of Frederick Quatman for a writ of habeas corpus, the return of such writ made by the sheriff of Auglaize county, and the evidence.

A. G. Gerstner, the chief of police of the city of St. Marys, filed his affidavit in the mayor's court of said city charging the petitioner with threatening him in a menacing manner, in violation of Section 12423, General Code.

Petitioner was brought before the mayor of the city by the chief of police, at which time he claims he understood the charge against him was that of being in-

toxicated and, with that understanding, pleaded guilty to such charge.

Petitioner's claim is disputed by both the mayor and chief of police who insist the charge of threatening in a menacing manner, in violation of Section 12423, General Code, was read to him before the plea of guilty was made by the petitioner.

The petitioner was found guilty upon such plea and sentenced by the mayor to the maximum penalty under said section, viz., six months in jail and a fine of $200 and costs, and was committed to the county jail of Auglaize county where he is now held in the custody of the sheriff of said county.

It is not claimed and it does not appear of record in the cause before the mayor, that the petitioner was advised of his right to a trial by jury upon the charge filed against him, or that he waived such right by any affirmative action on his part, except as his plea of guilty may have operated as such a waiver.

Since the penalty for the violation of Section 12423, General Code, may be imprisonment, a waiver of a trial by jury is a prerequisite to a hearing upon such charge before the mayor of a city, under the provisions of Section 4530, General Code. This section governs procedure in such cases before the mayor, to the exclusion of the provisions of Section 13424-1, General Code. *Village of New Miami* v. *White,* 73 Ohio App., 12, 15, 53 N. E. (2d), 664.

Consequently, the failure of petitioner to demand a trial by jury did not constitute a waiver of such trial, and no such waiver having been made, the mayor, under the provisions of Section 4530, General Code, was without jurisdiction to act upon the plea of guilty or to sentence the defendant, his jurisdiction in such situation being limited to examining the defendant on such charge and if he found that probable cause existed, binding him over to the grand jury of said county.

See, also, *City of Fremont* v. *Keating,* 96 Ohio St., 468, 118 N. E., 114; and *Simmons* v. *State,* 75 Ohio St., 346, 79 N. E., 555.

It is therefore ordered that petitioner be and he hereby is ordered discharged from the custody of the sheriff of said county under his pretended sentence and delivered by the sheriff to said mayor's court for further proceedings according to law.

*Petitioner discharged from custody.*

YOUNGER, P. J., MIDDLETON and GUERNSEY, JJ., concur.