518 P.2d 1182

Roy A. DUTTON, Plaintiff,

v.

The DISTRICT COURT OF the THIRD JUDICIAL DISTRICT of the State of Idaho, IN AND FOR the COUNTY OF OWYHEE, Honorable Gilbert C. Norris, District Judge, Presiding, Defendant.

No. 11364.

Supreme Court of Idaho.

Feb. 13, 1974.

Howard I. Manweiler, Boise, for plaintiff.

W. Anthony Park, Atty. Gen., James Kaufman, Asst. Atty. Gen., Boise, for defendant.

DONALDSON, Justice.

The issue before this Court is the constitutionality of I.C. § 19–1115,[1] pursuant to

1. I.C. § 19–1115. "In any criminal proceeding or in any investigation or proceeding before a grand jury in connection with any criminal offense, if a person refuses to answer a question or produce evidence of any other kind on the ground that he may be incriminated thereby, and if the prosecuting attorney of the county in writing requests the district

which a citizen may be granted immunity from prosecution and ordered to testify as to any knowledge he possesses concerning alleged crimes. Petitioner, Roy A. Dutton, seeks a writ of review, having been found in contempt of court for his failure to testify after being granted such immunity. For his contempt, he was fined $300.00 and sentenced to six months in jail. For reasons that will be discussed, the petition is quashed.

Petitioner, along with two other individuals, was charged in the Third Judicial District Court, Owyhee County, with the crime of grand larceny. I.C. § 18–4604. They were alleged to have stolen and butchered three cows. Before a preliminary hearing could be held on the matter, the State moved to dismiss the charge against petitioner. Thereafter, on February 26, 1973, a preliminary hearing was held to determine if probable cause existed as to the guilt of the remaining defendants, Fred Roberson and Delaney E. Mankins. During this hearing, petitioner was called as a witness for the state, but refused to answer any questions concerning the alleged crime, invoking his Fifth Amendment privilege against self-incrimination.

The state, through the prosecuting attorney of Owyhee County, then obtained a continuance of the preliminary hearing. This was done so that an order could be obtained from the district court pursuant to I.C. § 19–1115 granting petitioner immunity from prosecution and ordering him to testify. On February 28, 1973, an Order to Show Cause was issued requiring petitioner to appear in district court and show cause why he should not be required to testify at the preliminary hearing. A hearing was held the same day at which time petitioner's attorney asked for and was granted a continuance until March 5, so that he would have time to prepare for the hearing. On March 5, the hearing was held in Washington County at which time petitioner and the state both presented arguments as to the Order to Show Cause. After hearing the arguments, the district court granted petitioner immunity from prosecution and ordered him to testify.

Later the same day, the preliminary hearing was reconvened in Owyhee County. Petitioner, after testifying that he was aware of the order of the district court and his obligation to testify, again refused to do so.

On April 10, 1973, the district court issued another Order to Show Cause requiring petitioner to appear before it on April 26 to show cause why he should not be held in contempt of court for his failure to testify. On the date set for the hearing, petitioner appeared in district court in Owyhee County. A hearing was held, at which time the state introduced into evidence the transcript of the preliminary hearing. Petitioner did not testify, nor did he submit any other type of proof. After hearing oral arguments, the district court found petitioner to be in contempt of court and imposed the fine and jail term. The court then issued a stay of execution for thirty days to allow petitioner time to obtain review by this Court. Petitioner filed an appeal which was dismissed on the motion of the state because the order finding him in contempt was not an appealable order. I.C. § 7–614. Petitioner then filed this petition for writ of review.

court in and for that county to order that person to answer the question or produce the evidence, a judge of the district court shall set a time for hearing and order the person to appear before the court and show cause, if any, why the question should not be answered or the evidence produced, and the court shall order the question answered or the evidence produced unless it finds that to do so would be clearly contrary to the public interest, or could subject the witness to a criminal prosecution in another jurisdiction, and that person shall comply with the order. After comply-

ing, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to answer or produce evidence. But he may nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order."

■ A petition for writ of review of a contempt order presents one question to this Court: Did the district court act within its jurisdiction? I.C. § 7–202; Barnett v. Reed, 93 Idaho 319, 460 P.2d 744 (1969); Berry v. District Court of Third Judicial District, 91 Idaho 600, 428 P.2d 519 (1967); Mathison v. Felton, 90 Idaho 87, 408 P.2d 457 (1965). If the statute under which the district court acted is constitutional and the procedures followed afforded due process of law, the district court did not exceed its jurisdiction and the petition must be quashed.

Petitioner claims that the court was without jurisdiction to order him to testify because the statute pursuant to which the order was made, I.C. § 19–1115, is unconstitutional. Petitioner advances two theories in support of his contention: The statute denies him due process of law since it deprives him of the opportunity to have a trial by jury on the original charge of grand larceny and it violates his constitutional guarantee against self-incrimination.

■ Petitioner's first theory can be easily disposed of. Article 1, section 7 of the Idaho Constitution guarantees the right to a jury trial to all those accused of a crime. However, at the time petitioner was ordered to testify, all charges against him had been dropped. He was no longer accused of any crime. Therefore, he was not deprived of the right to a trial by jury.

■ Petitioner's second theory as to why the statute is unconstitutional is also without merit. The Fifth Amendment to the Constitution of the United States guarantees that no person shall be required to be a witness against himself in any criminal matter. The Fourteenth Amendment makes this provision applicable to the states. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). However, in Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892), the United States Supreme Court held that the constitutional privilege against self-incrimination is not violated if immunity from prosecution is granted and the immunity granted is coextensive with the privilege.

"It is quite clear that legislation cannot abridge a constitutional privilege, and that it cannot replace or supply one, at least unless it is so broad as to have the same extent in scope and effect. * * *.

"We are clearly of opinion that no statute which leaves the party or witness subject to prosecution after he answers the criminating question put to him can have the effect of supplanting the privilege conferred by the constitution of the United States. * * * In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates." Id. at 585, 586, 12 S.Ct. at 206.

The rule announced in Counselman was modified in Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). There, the Supreme Court held that in order for the immunity to be coextensive with the Fifth Amendment privilege, the grant of immunity need only insure that the testimony given or any evidence derived therefrom will not be used in a criminal prosecution.

"The statute's explicit proscription of the use in any criminal case of 'testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information)' is consonant with Fifth Amendment standards. We hold that such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege. While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader. Transactional immunity, which accords full immunity from prosecution for the offense to which the compelled testimony relates, affords the witness considerably broader protection than does the Fifth Amendment privilege. The privilege has never been construed to mean that one who invokes it cannot

subsequently be prosecuted." *Id.* at 453, 92 S.Ct. at 1661.

In the *Kastigar* case, the Court was concerned with 18 U.S.C. § 6002 (1973 Supp.) which reads in part: "[T]he witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case. * * *." The privilege afforded under I.C. § 19–1115 is broader than that involved in *Kastigar*. "After complying, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to answer or produce evidence." Thus, it cannot be said that the immunity afforded petitioner was not at least coextensive with his Fifth Amendment privilege against self-incrimination.

■ Petitioner also argues that the Court cannot unilaterally grant him immunity without his consent. He relies on People v. Rockola, 171 N.E. 559 (Ill.1930), in which the defendant refused to testify after being granted immunity. The trial court found him to be in contempt. On appeal, his contempt conviction was reversed because the statute involved did not authorize the granting of immunity for the crime of conspiracy, with which the defendant had been charged. Therefore, the court was not required to reach the issue of whether one may be compelled to testify if his consent is not given to the grant. However, in Kastigar v. United States, *supra,* the petitioner in that case did not consent to the grant of immunity, refused to testify, and was found to be in contempt of court. His conviction was affirmed by the United States Supreme Court, the Court holding that his consent to the grant was not necessary.

■ Petitioner has pointed out that at the time sentence was imposed, the district court indicated uncertainty as to whether his contempt was criminal or civil. In this case, the district court was imposing sentence for the wilful disobedience of one of its orders. Such disobedience is criminal contempt. "Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal." 17 Am.Jur.2d Contempt § 4. Criminal contempt is a misdemeanor in Idaho, I.C. § 18–1801. Therefore, the five day limit on jail terms imposed by I.C. § 7–610 is not applicable.

■ Although the penalty for criminal contempt is labeled a misdemeanor in Idaho, the constitutional guarantee to a trial by jury in all felonies and misdemeanors found in art. 1, § 7 of the Idaho Constitution is not applicable. McDougall v. Sheridan, 23 Idaho 191, 222, 128 P. 954, 964 (1913). Neither is the right to a jury trial found in the Sixth Amendment to the United States Constitution applicable.

> "Nor is there in this any invasion of the constitutional right of trial by jury. * * * But the power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court. And this is no technical rule. In order that a court may compel obedience to its orders, it must have the right to inquire whether there has been any disobedience thereof. To submit the question of disobedience to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency." In Re Debs, 158 U.S. 564, 594, 15 S.Ct. 900, 910, 39 L.Ed. 1092 (1895).

The rule announced in the *Debs* case was modified in Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), in that a distinction must now be made between serious and petty contempts. In a serious contempt, or one punishable as

a felony, there is a right to a trial by jury guaranteed by the Due Process Clause of the Fourteenth Amendment. In a petty contempt, or one punishable as a misdemeanor, there is no right to a trial by jury. In this case, petitioner was found guilty of a misdemeanor. Therefore, he enjoyed no right to a jury trial. *See* McDougall v. Sheridan, *supra.*

Even though petitioner was not entitled to a jury trial, he was entitled to a hearing in as much as his disobedience to the district court's order to testify did not occur in the presence of the district court. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). Petitioner was afforded such a hearing at which time he was given the opportunity to explain his disobedience and call witnesses in his own behalf.

The statute under which the district court acted infringes upon none of petitioner's constitutional rights and the procedures followed were correct. The district court acted within its jurisdiction and the petition for writ of review is quashed.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.