**Leland Duane LAPP, Appellant (Defendant),**

v.

**CITY OF WORLAND, Appellee (Plaintiff).**

**No. 5270.**

Supreme Court of Wyoming.

June 16, 1980.

Robert A. Gish, Basin, signed the brief of appellant.

Floyd D. Gorrell, Worland, signed the brief of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The appellant-defendant appeals from an order of the district court which affirmed his conviction in the municipal court of appellee, City of Worland (City), for driving while under the influence of intoxicating liquor (DWUI). In this appeal, as well as in his appeal from the municipal court to the district court, defendant asserts that he was entitled to a jury trial, on demand, in the municipal court for the charge of DWUI, and that the district court erred because he was denied that right.[1] That is the only significant issue though defendant also claims a defect in the chain of evidence with respect to breathalyzer test results.

We will reverse the order of the district court and remand the case with directions to give defendant a jury trial in the municipal court.

The defendant was arrested on April 5, 1979, by police officers of the City after they observed what they considered to be erratic driving. AFter being given various field sobriety tests, he was taken to the police station where he consented to a breathalyzer test which resulted in a reading of 0.22%.

Defendant was issued a citation for DWUI in violation of § 14–3, Worland City Code. A complaint and warrant were served. At arraignment, defendant pleaded not guilty and demanded a trial by jury which was summarily denied by the municipal judge.[2] Defendant was found guilty.

1. Because of technical impediments, we could not reach this very same question which was the basis for appeal in *Dixon v. City of Worland*, Wyo., 1979, 595 P.2d 84.

2. The Order of the municipal judge provided:

"The demand of Defendant for trial by a Petit jury came on for hearing on July 16, 1979 at 9:00 A.M.; Robert A. Gish appearing for the Defendant and Floyd D. Gorrell appearing for the Plaintiff. The Court advised Defendant's attorney that no jail sentence

He appealed to the district court because of denial of a trial by jury. The district court affirmed the conviction.

■ The City misconstrues our holding in *State ex rel. Weber v. Municipal Court of Town of Jackson,* Wyo., 1977, 567 P.2d 698. That case only held that under the circumstances there, this court would not entertain a writ of prohibition to reach the issue we now have before us. The ultimate holding of that case was that the defendant's claims must be disposed of through the ordinary procedures of appeal, and we would not employ the extraordinary writ of prohibition to reach the question of entitlement to a jury trial. We do now have the question directly before us on appeal, a procedural fact not present in *Weber.*

The offense of DWUI at the time this case arose was defined in and proscribed by § 31–5–233, W.S.1977, as written prior to its amendment effective May 25, 1979. Our legislature also mandated that the provisions of the Uniform Act Regulating Traffic on Highways, §§ 31–5–101 to 31–5–1214 shall

" * * * be applicable and uniform throughout this state and in all political subdivisions and municipalities therein. Local authorities may, however, adopt by ordinance, traffic regulations either similar to the regulations contained herein, or additional regulations so long as they are not in conflict with the provisions of this act, and the said local authorities shall have the express authority to enforce said traffic regulations so adopted, by action in their respective local municipal courts." Section 31–5–109, W.S.1977; see also, § 15–1–120, W.S.1977.

Pursuant to this authority, the City of Worland adopted an ordinance, § 14–3, Worland City Code,[3] which authorized a jail sentence of not more than thirty days and parallels § 31–5–233, W.S.1977.

The Rules of Criminal Procedure for Justice of Peace Courts and Municipal Courts (W.R.Cr.P.J.C.), adopted by this court on October 23, 1974, by Rule 5(d), provides:

would be imposed in the event of Defendant's conviction.

"Thereupon the Court denied Defendant's demand for a jury trial pursuant to Rule 5(d) of the Rules of Criminal Procedure for Justice of the Peace and Municipal Courts."

**3.** Section 14–3, Worland City Code:
"SECTION 3:

"(a) It is unlawful and punishable as provided in subsections (d) and (e) of this section for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive any motor vehicle within this city.

"(b) In any criminal prosecution for a violation of subsection (a) of this section relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance shall give rise to the following presumptions:

"3. If there was at that time 0.10 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor to a degree which renders him incapable of safely driving a motor vehicle;

"5. The foregoing provisions of paragraph (b) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor.

"(d) Every person convicted of violating this section shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not more than sixty days and, in the discretion of the court, a fine of not more than two hundred dollars.

"(e) Every person convicted under this section shall, in addition to the penalty above provided, have his driver's license suspended by the motor vehicle division of the state tax commission for a period of thirty days for the first offense and, upon conviction of a second offense, shall have his driver's license suspended by the motor vehicle division of the state tax commission for a period of one hundred twenty days and, for a third or subsequent conviction, shall have his driver's license revoked by the motor vehicle division of the state tax commission for a period of one year."

"(d) Jury in municipal court.—There shall be no right to demand a jury trial in municipal courts *unless a jail sentence is to be imposed upon conviction* ; but in all other respects, except as otherwise provided, the trial shall be conducted in like manner as criminal cases are tried before justices of the peace." (Emphasis added.)

Before proceeding further, it is helpful to outline the historical background of this court's authority to make rules governing the procedures in municipal courts and justice of the peace courts in general and then Rule 5(d) in particular.

Prior to 1971, municipal and justice of the peace court procedures were regulated by statute. In that year, the legislature enacted § 5–4–207, W.S.1977:

"The supreme court of Wyoming is hereby vested with supervisory powers over the justice courts of the state of Wyoming, and shall, by rule of the supreme court, establish procedures and regulations for the effective and expeditious administration of the business of the justice court system of the state and shall establish fees and costs for said courts."

That statute does not specifically mention municipal courts, but municipal courts were affected because justice of the peace court procedures applied to municipal courts. Section 5–6–106, W.S.1977.

"The procedure of * * * municipal courts shall as nearly as possible conform to that provided by the general laws of the state in courts of the justice of the peace, but such incorporated city or town [4] may by ordinance provide such additional rules of procedure as may be found necessary for the proper conduct of such municipal courts; provided, that the same do not conflict with the general laws of the state and appeals to the district court from the judgments and decisions of said police justices shall be allowed, in all cases, such appeals to be taken in the manner now provided by law for appeals from justices of the peace." (Bracketed footnote marks added.)

Therefore, this court drafted uniform rules which are applicable to both municipal and justice of the peace courts.

Rule 29, W.R.Cr.P.J.C., provided that W.R.Cr.P.J.C. superseded § 5–6–207, W.S. 1977 (formerly § 5–130, W.S.1957) which provided:

"Cases in the police court for violations of city ordinances shall be tried and determined by the police justice without the intervention of a jury, and the trial of such cases before such police justice shall be conducted in all respects, not herein otherwise provided for, in like manner as criminal cases before justices of the peace."

The W.R.Cr.P.J.C. in addition superseded § 5–6–302, W.S.1977 (formerly § 5–136, W.S.1957) which provided:

"Appeals from the judgment or sentence of such police justice [of incorporated towns] may be taken to the district court in the same manner as is now provided by law for appeals from justices' courts in criminal cases, and shall be dealt with by the courts as criminal cases." (Bracketed material supplied.)[5]

---

**4.** Section 5–6–101, W.S.1977:

"There is hereby created and established in each of the incorporated cities or towns in the state of Wyoming, whether incorporated or existing under a special charter or a general act, and whether now in existence or hereafter incorporated under the laws of the state, a municipal court for the trial of all offenses arising under ordinances of said incorporated city or town, as the case may be."

**5.** The W.R.Cr.P.J.C. also, by Rule 29, superseded the following sections:

Section 5–6–107, W.S.1977 (formerly § 5–121, W.S.1957 and § 29–1805, W.C.S.1945):

"In addition to all other methods heretofore provided by law, an appeal from the judgment or sentence of a police justice in any city or town operating under a special charter or commission, commission manager or manager form of government, may be taken to the district court in the same manner as is now provided by law for appeals from justice courts in criminal cases, and shall be dealt with by the courts as criminal cases." Section 7–16–201, W.S.1977 (formerly § 7–442, W.S.1957, as amended by § 1, ch. 116, Session Laws of Wyoming, 1969):

"The defendant may appeal from the judgment or verdict of the justice of the peace

The net effect was to provide a jury trial at municipal and justice of the peace court level and eliminate trial de novo in the district court by furnishing the familiar and usual procedure of an appeal on the record to the district court.

This court, in *State v. Heberling*, Wyo. 1976, 553 P.2d 103, outlined in detail the history of elimination of a trial de novo in the district court in appeals from the justice court to the district court and tacitly approved its own rules establishing the procedure for taking an appeal from justice of the peace and municipal courts. It was there noted that in addition to the specific authority granted to establish procedures in justice of the peace and municipal courts, § 5–18, W.S.1957 (now § 5–2–114, W.S. 1977), this court was authorized to "adopt, modify and repeal" rules covering practice and procedure "in all courts of this state." It was also noted that § 5–19, W.S.1957 (now § 5–2–115, W.S.1977) provides such rules could govern "trials" and "review," the only restriction being:

"(b) Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations."

Again, in *Petersen v. State*, Wyo.1979, 594 P.2d 978, this court approved the procedure prescribed by this court for selection of a jury in the minor courts. We there noted that "[m]atters dealing with procedure, particularly in the minor courts, are entirely within the province of this court." 594 P.2d at 982.

We are not intruding on what this court has previously held in *State ex rel. Suchta v. District Court of Sheridan County*, 1955, 74 Wyo. 48, 283 P.2d 1023. At that time there was in existence § 23, Art. V, Wyoming Constitution:

"Appeals shall lie from the final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law."

That section and § 22, Art. V, Wyoming Constitution were repealed by resolution of the legislature in 1965, ratified at a general election in 1966 and proclaimed in effect on January 17, 1967. In their stead, by actions in the same years, § 1, Art. V, Wyoming Constitution was amended to authorize subordinate courts "as the legislature may, by general law, establish and ordain from time to time."

The *Suchta* case held that § 5–6–107, supra, footnote 5, meant that when a case of ordinance violation reached the district court, it must be tried as a criminal case originating in the district court and that included a trial by jury. This court decided the case upon the basis of statutory interpretation and cited approvingly from 9 McQuillin, Municipal Corporations, 3rd Ed., § 27.39, that "[T]he right of a defendant to a jury trial upon appeal [from a judgment of the police court] depends upon the provisions of the applicable local statute * *." As an example, the court cited *Stutsman v. City of Cheyenne*, 1911, 18 Wyo. 499, 501, 113 P. 322, 323, which approved a 1910 statute providing for no trial de novo in the district court, but allowing for a jury trial at municipal court level.

court to the district court of the county in which the trial was had. The appeal shall be taken within thirty (30) days from the entry of the judgment, verdict or final order appealed from. Notice of the appeal shall be in writing and filed with the justice of the peace."

Section 7–16–207, W.S.1977 (formerly § 7–448, W.S.1957):

"The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact upon an indict-

ment, without regard to technical errors or defects, which have not prejudiced the substantial rights of either party, and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly."

The dissent cites *Johnson v. State*, Wyo.1975, 532 P.2d 598, as inconsistent with our opinion herein. That case was decided at the justice of the peace and district court levels prior to adoption of W.R.Cr.P.J.C.

For our purposes, *Stutsman* has even greater significance when it held that, "[t]he taking of an appeal is a matter of *procedure* and consists in taking the statutory steps to transfer the case to a higher court * * *." (Emphasis added.) In that case, a jury trial was provided in the municipal court, and the appeal was on the transcript in the district court. The court held all that "relates to the *method* of taking the appeal." (Emphasis added.)

Further, the holding of *Stutsman* is meaningful in that it agrees there is no constitutional requirement of a trial by jury in the district court on appeal from a municipal court judgment finding a violation of an ordinance. Nor is there any constitutional problem in the fact that trial would be to a jury of six persons in the municipal court, § 9, Art. I, Wyoming Constitution:

"The right of trial by jury shall remain inviolate in criminal cases, *but a jury* in civil cases in all courts or *in criminal cases in courts not of record*, may consist of less than twelve men, as may be prescribed by law. * * *" (Emphasis added.)

A municipal court is not a court of record. Rule 23(a), W.R.Cr.P.J.C.

Since the *Suchta* case, then, there is a new constitutional provision and new statutes which give the supreme court the authority to fix procedures in all courts by rule. We do not disturb the legislature's right to require a jury trial in misdemeanor cases in municipal prosecutions for ordinance violations. We only move the trial by jury procedurally from the district court to the municipal court. We find, for the purposes of this case, that the legislature intended to give an individual the right to jury trial for violation of a municipal ordinance. We consider it a substantive right of a person, reserved to the legislature by § 5–2–115, supra. Once we have reached the conclusion that a person charged with an offense in municipal court is entitled to a jury trial, does it make any difference whether it be held in the municipal court or the district court, de novo? It is concluded that it is only a procedure or practice and has no substantive implications.

The aim of the guarantee of the right to trial by jury is to preserve the substance of the right of trial by jury as distinguished from mere matters of form or procedure, particularly to retain the concept that issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court. *Baltimore & Carolina Line, Inc. v. Redman*, 1935, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. The concept of a jury trial is not inflexible in all details, so long as the essential elements of the institution are preserved. *Byrne v. Matczak*, 3rd Cir. 1958, 254 F.2d 525, cert. den. 358 U.S. 816, 79 S.Ct. 24, 3 L.Ed.2d 58. The essential elements of a trial by jury are that there be impartial jurors, who unanimously decide the facts in controversy under the direction of a judge. *People v. Schoos*, 1948, 399 Ill. 527, 78 N.E.2d 245, 2 A.L.R.2d 1096.

The foregoing cases involve procedures leading up to a jury trial and the termination of its function and do not deal with the question of in what court a jury trial must first take place, in a case where the right to a jury trial is granted. We conclude that, as a general proposition, it makes no substantive difference whether the right to a jury trial takes place in the municipal court at the first tier of a two-tier system or at the second tier level. It is purely procedural.

The Supreme Court of the United States has reached the same conclusion. In *Ludwig v. Massachusetts*, 1976, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732, the Court considered *Callan v. Wilson*, 1888, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223, which it left undisturbed. In *Callan* at issue was the validity of a two-tier system which provided for trial by jury only in the second tier. The Court stated:

"* * * Except in that class or grade of offenses called 'petty offenses,' which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guaranty of an impartial jury to

the accused in a criminal prosecution, conducted either in the name or by or under the authority of the United States, *secures to him the right to enjoy that mode of trial from the first moment,* and in whatever court, he is put on trial for the offense charged. * * * " (Emphasis added.) Id., at 557, 8 S.Ct. at 1307. In other words, the Court in *Callan* held that trial by jury must take place in the first tier—the first court in which the person tried is required to appear.

In *Ludwig,* the Massachusetts' two-tier system was challenged on authority of *Callan* for the reason that a jury was not allowed in the first tier. Rather, the first opportunity for a jury trial was by a trial de novo in the second tier, similar to the Wyoming system before this court changed it by rule. The Court observed that under that system, the jury served its basic purpose as a "safeguard against the corrupt or overzealous prosecutor and against the complaint, biased, or eccentric judge." The Court also stated that the added expenses, the possibility of an unvindictive but harsher sentence on appeal, and the adverse psychological and physical effects that the delay engendered did not rise to a violation of the United States Constitution, but rather was only a "mode" of exercising a guaranteed right to jury trial. It was considered "fair and not unduly burdensome." [6]

■ The point of the majority in *Ludwig* is that it is purely a matter of procedure as to where the trial is had. With the method we have selected, a trial by jury at the first tier, we could also survive the objections of the dissent, footnote 6. Therefore, we are comfortable that the legislative direction with regard to the right to trial by jury for municipal violations has been kept intact. In this case, we do not consider whether the legislature could eliminate trial by jury for municipal ordinance violations generally considered to be petty offenses.[7]

■ It is unfortunate that the rule adopted by this court to retain the right of trial by jury in municipal prosecutions is ambiguous, for which this court must assume responsibility. A rule of this court has the force and effect of a statute, *Sayre v. Roberts,* 1938, 53 Wyo. 491, 84 P.2d 718, and is to be construed in the same manner as a statute. *Phillips v. Brill,* 1907, 15 Wyo.

---

**6.** The decision was 5–4, the dissent taking a strong position that a trial by jury, in the court of original jurisdiction is constitutionally required and there is more involved than the *way* the guarantee of trial by jury is allowed. It considered it irrational to require an individual to go through the anguish and burden of a trial before a judge alone before obtaining the right to a jury trial. The dissent noted also that the tarnish of guilt remained even though on the second trial, the defendant was vindicated by a verdict of innocence. The dissent concluded that a defendant should have had the kind of a trial he was entitled to in the first instance and no justification was shown for it to be otherwise.

**7.** Many courts hold that constitutional provision that the right to jury trial shall remain inviolate does not require a jury trial in petty offenses. Examples of such cases are: *Goldman v. Kautz,* 1975, 111 Ariz. 431, 531 P.2d 1138; *State v. Shak,* 1970, 51 Haw. 612, 466 P.2d 422, cert. den. 400 U.S. 930, 91 S.Ct. 191, 27 L.Ed.2d 190; *Austin v. City and County of Denver,* 1969, 170 Colo. 448, 462 P.2d 600, cert. den. 398 U.S. 910, 90 S.Ct. 1703, 26 L.Ed.2d 69; *Dutton v. District Court of Third Judicial District,* 1974, 95 Idaho 720, 518 P.2d 1182; see also, West's Digest System, ⊚⇒22, Jury.

In the absence of a specific statutory grant of the right to a jury trial for petty offenses, none is required. *State v. Shak,* supra; *Austin v. City and County of Denver,* supra.

Under the Sixth Amendment or other provisions of the Constitution of the United States, the jurisdiction of a police justice limited to a fine not to exceed $100 or imprisonment for not to exceed three months is for petty offenses and no trial by jury is required. *Shafsky v. City of Casper,* Wyo.1971, 487 P.2d 468, 471. The court also observed that the provision of § 10, Art. I, Wyoming Constitution, is similar to the Sixth Amendment and "little more need be said in addition to what has been discussed above" with reference to no constitutional requirement for a trial by jury for petty offenses. It must be clarified that in *Shafsky* this court was only relating that observation to the fact that the legislature had denied a jury trial in municipal prosecutions at the municipal level.

Defendant argues that the offense of DWUI is more than a petty offense because of the serious consequences resulting from suspension of the driver's license. We also need not reach that question in this case.

521, 90 P. 443. When ambiguity is present, we must resort to rules of construction. *DeHerrera v. Herrera*, Wyo.1977, 565 P.2d 479. We know of no authority that permits a court to alter the punishment established by the municipality, as authorized by the legislature. We do not mean to say that a judge does not have discretion upon a plea of guilt or jury verdict of guilt or a court finding of guilt in a non-jury case to assess less than the maximum penalty allowed, unless it is mandatory.

The part of Rule 5(d) that is troublesome is that part stating that "[t]here shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction." The municipal judge in the case at hand apparently construed it to mean that he could, before trial, make an advance determination that he would not impose a jail sentence, even though a jail sentence of not to exceed one month was provided by the ordinance making DWUI an unlawful act.[8] We shall construe Rule 5(d) to mean that, if the ordinance under which a person is charged provides for a jail sentence and demand for a jury trial is made, then the defendant is entitled to trial by jury as a matter of right.

Any other interpretation would place the cart before the horse and require a judge to exercise sentencing discretion at the time of arraignment and before trial. The idea of that concept is rejected by the language of the opening sentence of § 5–6–208, W.S. 1977: "*If* the defendant be found guilty, the police justice shall declare and assess the punishment, and render judgment accordingly. * * *" (Emphasis added.) That section (formerly § 5–131, W.S.1957) was not superseded by Rule 29.

▆▆▆ When an ordinance provides that imprisonment may be a part of the penalty, under the law of the state the accused is entitled to a jury for that reason, and it is the right of the defendant to be so tried regardless of whether the sentence ultimately imposed includes a term of imprisonment or not. *City of Fremont v. Keating*, 1917, 96 Ohio St. 468, 118 N.E. 114; *Village of New Miami v. White*, 1943, 73 Ohio App. 12, 53 N.E.2d 664. The right to a jury trial is tested by the punishment authorized for a particular offense. *City of Monroe v. Wilhite*, 1972, 255 La. 838, 233 So.2d 535.

▆▆▆ The penalty authorized for a particular crime is of major relevance in determining whether it is serious enough to justify a trial by jury. *Duncan v. Louisiana*, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. In ordinary criminal prosecutions the severity of the penalty authorized, not the one actually imposed, is the relevant measure. The legislature has, in fixing a penalty, made the judgment of seriousness. *Frank v. United States*, 1969, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162.

The Wyoming State Legislature, § 31–5–233, W.S.1977, and the City of Worland, footnote 3, have declared that the offense, DWUI, is serious enough to justify a jail sentence of up to one month. That is what creates the requirement of a jury in this case, when proper demand has been made. When both the State and the City have declared the offense charged serious enough to justify a jail sentence, then we as a court and the municipal judge have no right to say that we consider it less serious and refuse to grant a jury trial on that basis. It is the authorized punishment upon which we focus to determine whether there should be a trial by jury, not the lesser sentence that can be imposed.

▆▆▆ We will not decide the second question raised by appellant, with respect to a purported break in the chain of evidence. No transcript of the trial proceedings ap-

---

8. A municipal judge has no authority to set aside an ordinance providing for punishment of offenders. Section 5–6–210, W.S.1977:

"Any person convicted before the police justice of any offense under the ordinances of the city shall be punished by such fines, or imprisonment, *as may be regulated by ordinance*; provided, no fine shall be greater for any one (1) offense than one hundred dollars ($100.00) recoverable with costs, and no imprisonment for a longer time than three (3) months." (Emphasis added.)

pears as part of the record nor was the record settled, as required by Rule 4.03, W.R.A.P.

Reversed and remanded through the district court for trial by jury in municipal court.

ROSE, Justice, concurring in part and dissenting in part, in which McCLINTOCK, Justice, joins.

I concur with the majority's holding that the net effect on this defendant-appellant, of the Wyoming Supreme Court's promulgation of Rules 5(d) and 29, W.R.Cr.P.J.P. M.C., which purport to supersede §§ 5–130 and 7–448, W.S.1957 [§§ 5–6–207 and 7–16–207, W.S.1977] does not alter *this* defendant's substantive rights. The reason is that under the old statutes and under the new "procedural" rules, this defendant is guaranteed a jury trial.

But I am bothered by this question: What if the offense charged does not provide for a jail sentence? It would appear, under the majority's interpretation of Rule 5(d)[1] that in those circumstances there would be no right to a jury trial in the municipal court. However, had this court not undertaken to abrogate § 7–448, supra, the municipal-court defendant charged with an offense not punishable by jail would still have enjoyed the legislatively conferred right of a jury trial upon appeal to the district court. Thus, the import of the majority decision is to take away a substantive

right—jury trial—from persons accused in municipal court of an offense not punishable through a jail sentence. As I explained in detail in my dissent in *State ex rel. Weber v. Municipal Court of Town of Jackson*, Wyo., 567 P.2d 698, 703 (1977), § 5–19, W.S.1957 [§ 5–2–115, W.S.1977] prohibits the Wyoming Supreme Court from adopting "procedural" rules which "abridge, enlarge [or] modify the substantive rights of any person."

I concur with the majority opinion which seems to hold that the application of this court's "procedural" rules to this defendant in the manner therein announced is lawful in that the majority's application of the court rules has the effect of protecting his substantive right to a trial by jury.

I dissent, however, from the inevitable result of the majority opinion which effectively holds that this court may lawfully adopt rules of procedure which have the effect of denying a municipal-court defendant a jury trial where the issue of a jail sentence is not involved—all in derogation of such a defendant's statutory right to a trial by jury.

---

1. In arguing his entitlement to a jury trial to this court, the appellant pointed out that the statute he was charged with violating provides for an automatic suspension of the accused's driver's license upon conviction. Appellant argued that this consequence was so serious as to warrant a jury trial, quite apart from the possi-

bility of imprisonment. The majority states in footnote 7 that this argument need not be reached. Nonetheless, I am apprehensive that this argument has been reached by the plain language of Rule 5(d), W.R.Cr.P.J.P.M.C., and the majority's defense of that rule.