Groesbeck, C. J.
This is an application to reinstate this cause upon the docket. The cause was dismissed upon the ex parte application of the attorneys for the defendant in error, the plaintiffs in error not having filed orcausedtobe filed copies of their briefs with the clerk of this court, and not having served personally or by mail a copy of their brief upon the defendant in error, or his attorneys of record, within 60 days after the filing of the petition in error, as required by rule 15 of this court. 26 Pac. Rep. xii.[1] Rule'21[2] (26 Pac. Rep. xiii.) provides that when the plaintiff in error fails to file and serve his brief, as required by the rules, the defendant in error may have the cause dismissed, or may submitit with or without oral .argument. The matter was brought to the attention of the court *737 by the motion of the attorneys for the defendant in error, supported by the affidavit of one of them, setting forth the facts of nonservice and other matters not disclosed by the files and records of the court. As the rule had evidently been disregarded by the plaintiffs in error, as their petition in error was filed in this court March 4,1892, and no briefs had been filed or served as required by the rules at the time the motion to dismiss was filed, May 23, 1892, and more than 60 days having elapsed at that timesince the time of filing[1] the petition in error, we dismissed the cause. The rules of this court are by statute made “as binding upon the court, and the attorneys thereof, and the parties having business therein, as though the same were enactments of the legislature of the state. ” Sess Laws, 1890-91, p. 188. We believed it to be our duty to dismiss the cause although the application was made ex parte and it did not appear that any notice of the motion to dismiss was served upon the opposite party. It was the first motion that had been made to us since the adoption of the present rules, February 20, 1891, and we did not construe rule 9[1] (26 Pac. Rep. xii.) in connection with other rules, as our attention was not directed to it. Indeed, upon this application to reinstate, rule 9 seemed to have been overlooked by counsel. The learned counsel for defendant in error contends that the rules of the court, when once adopted, are inflexible, and have the same effect as the law of the land, and cites many authorities in support of his position. We feel bound by our rules, particularly as by legislative enactment they have the same force and effect as a statute. They were adopted more than a year prior to the filing of the petition in error, and were promulgated as a supplement of the laws passed by the first state legislature.
One allegation in the motion to reinstate is that no notice was received by the attorney for the plaintiffs in error of the motion to dismiss. Other grounds are set forth in this application, but it is unnecessary to consider them. In the motion to> dismiss there was no allegation of proof of the service of the motion, and it does-not affirmatively appear, either in the motion or in the affidavit in support of it, that any notice of the motion was given to the adverse party. Rule 9 of this court reads as follows: “All motions submitted to the court shall be in writing, and notice thereof, except in cases of petitions for a rehearing, shall be served on the adverse party, or his attorney of record, at least one day before the hearing of such motion.” It appears that no notice was served upon the attorney for the adverse party, and it does not appear that notice was given of the motion to such party. If our rules have the binding effect of a statute, rule 9 is of as much binding force as the other rules. The only exception made in this rule is that of petitions for are-hearing. All motions must be made in writing, and all motions, except in cases of petitions for a rehearing, must be made upon notice to the adverse party. The defendant in error, under rule 21, may either have the cause dismissed, or may submit it with or without oral argument, when the adverse party has not filed and served his briefs, as required by the rules. In this case he elected to have the cause dismissed, but it was necessary to bring this matter to the attention of the court by motion, and by affidavit of nonservice of briefs, as that fact would not be disclosed by the files or record of the court. This motion falls within the sweeping provi■ sions of rule 9, and notice thereof for the requisite time must be made upon the opposite party or his attorney of record. This was not done, and the rule was disregarded by counsel for defendant in error. We must therefore change our ruling in this respect, as service of the notice of the motion to dismiss must affirmatively appear. The opinion of this court granting the motion to dismiss will be withdrawn, and the cause will-be reinstated on the docket. Motion granted.
Conaway and Mekhell, JJ., concur.

 Ante, xliii.

 Ante, xliii.

Ante, xlii.