The STATE of Wyoming ex rel. Clyde S. FREDERICK and Neoma Frederick, Petitioners,

v.

The DISTRICT COURT OF the FIFTH JUDICIAL DISTRICT IN AND FOR the COUNTY OF BIG HORN, State of Wyoming, and D. J. Harkins, District Judge of the District Court of the Fifth Judicial District, in and for the County of Big Horn, State of Wyoming, Respondents.

No. 3404.

Supreme Court of Wyoming.

March 8, 1965.

J. D. Fitzstephens, of Goppert & Fitzstephens, Cody, for petitioners.

John F. Raper, Atty. Gen., Glenn A. Williams, Asst. Deputy Atty. Gen., Dean W. Clark, Spec. Asst. Atty. Gen., Cheyenne, for respondents.

Before PARKER, C. J., and HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Petitioners ask for a writ of prohibition against respondents to prohibit their pro-

ceeding with a trial by jury. Previously, the State Highway Commission had filed a petition for condemnation in the district court seeking acquisition of title to certain lands belonging to the Fredericks. After notice, a hearing was held to determine necessity and an order granting immediate possession, as well as an order appointing commissioners to assess compensation, was entered. A "certificate of award of commissioners" was thereafter entered and within thirty days the State filed a demand for jury trial. Some sixty days thereafter the Fredericks moved to strike the demand for jury trial on the grounds that no demand therefor was served upon them as required by Rule 38, W.R.C.P., and further asked the court for an order confirming the award of the commissioners. This motion was denied so that the case then stood for jury trial, and the petition for writ of prohibition was filed in this court.

Petitioners' reasoning is that, under our holdings, in the absence of exceptions or objections and a proper demand for jury trial the district court after the expiration of thirty days following the filing of the certificate of assessment had no authority except to confirm the award and enter judgment. Inherent in their argument is the contention that the rules prevail over the condemnation statutes (§ 1–754, ff., W.S. 1957, particularly §§ 1–770 and 1–771). As an incident to the presentation of their request, petitioners urge that the writ of prohibition is appropriate because it would be unfair that they be forced to go to the expense of a jury trial and an appeal in order to have the status of the rules over the statutes determined and note that the writ will lie where the jurisdiction of the lower court is in question. State ex rel. Grieve v. District Court of Eighth Judicial Dist. within and for Natrona County, 37 Wyo. 169, 260 P. 174.

The respondents say that the writ is inappropriate because the trial court has jurisdiction and further that the petitioners' rights will not be prejudiced if a jury trial is held. Both parties agree that the issuance of the writ is discretionary with the court. A discussion of cited cases wherein the court has considered the propriety of the issuance of a writ is not here required. We consider that the problem is of importance, that the challenge of jurisdiction of the trial court is sufficient to invoke the employment of the remedy, and that petitioners if they are correct in their contention would have insufficient redress if they were forced to a jury trial and a subsequent appeal.

The pivotal aspect of the case is the interpretation of the respondents as to the force and effect of the Wyoming Rules of Civil Procedure when they say that in a case of special statutory proceedings such as condemnation the rules should apply as long as they are not inconsistent with the statutory provisions, but when they are in conflict with them the statutes prevail. Respondents are correct in their view that the rules by their own pronouncement,[1] as well as by the enabling statutes, §§ 5–19 and 5–20, W.S.1957, govern procedure but do not abridge, enlarge, or modify the substantive rights of persons or the jurisdiction of a court. Concerning procedure, Rule 1, W.R.C.P., is specific in its statement, "these rules shall govern insofar as they supersede or are in conflict with such statutes," as is Rule 81, W.R.C.P., "Statutory provisions shall not apply whenever inconsistent with these rules." It follows then that the only aspect of the problem which could be argued is whether the provisions regarding service of the demand for jury is procedural or substantive. Without taking any clear position on the point, respondents say, "the rules

---

1. It is well recognized generally and particularly in this jurisdiction that the courts have inherent rights to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments. Cronk-hite v. Bothwell, 3 Wyo. 736, 30 P. 492, 3 Wyo. 739, 31 P. 400; Grippen v. State, 20 Wyo. 486, 124 P. 764, 128 P. 622; 21 C.J.S. Courts § 170b(1); 14 Am.Jur. Courts § 151.

were not intended to change and supersede the statutory provisions." To support that view they cite Moonblatt v. Kosmin, 3 Cir., 139 F.2d 412; In re Clarke, S.D.N.Y., 35 F.Supp. 227, which are made inapplicable here because of the difference in Federal and Wyoming Rules 1 and 81.

Distinction between procedure and substance has not always been easy, as is amply demonstrated in Federal cases where the court was exercising jurisdiction solely because of the diversity of citizenship of the parties. 1 Barron and Holtzoff, Federal Practice and Procedure, §§ 8 and 138 (1960); 35A C.J.S. Federal Civil Procedure § 25. This is true in other fields, 52 C.J.S. Law, p. 1026; 1 C.J.S. Adjective Law, p. 1468. However, as bears upon matters such as the one before us, the statement in Kellman v. Stoltz, N.D.Iowa,. 1 F.R.D. 726, 728, is significant:

> " * * * It may * * * be assumed that the term 'substantive law' is not mathematically exact, but as respects both the terms 'procedure' and 'substantive law' there is a possible twilight zone. Examination of many authorities leads me to conclude that substantive law as constitutionally, legislatively and judicially recognized, includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property, and quite generally as fixing the type of remedy available in case of invasions of those rights. As to the term 'procedure', I conceive it to include those rules and forms applicable in the administration of the remedies available in cases of invasion of primary rights of individuals in Courts or other lawfully constituted tribunals and agencies. Such rules include both pleading and practice, including all rules and forms which govern the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution. * * *"

Briefer definitions will perhaps suffice for our purposes here:

> " * * * The substantive law is that part which creates, defines, and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion. * *."

Mix v. Board of Com'rs of Nez Perce County, 18 Idaho 695, 112 P. 215, 220. "Courts generally agree in defining the terms 'substantive' and 'adjective' that 'substantive' law creates, defines, and regulates rights as opposed to 'adjective' or 'procedural' law which provides the method of enforcing and protecting such duties, rights, and obligations as are created by substantive laws. * * *" In re McCombs' Estate, Ohio Prob., 80 N.E.2d 573, 586.

More specific to the present question, the court said in Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686, 689, that "procedure" is the machinery for carrying on the suit, including pleading, process, evidence, and practice, and held that a statute relating to the proper method of obtaining jurisdiction in respective instances was a part of the law of procedure and not of substantive law. Similarly, in the case before us, the question of the requirement of serving upon the other parties a demand for a trial by jury is one of procedure and is governed by the rules.

The subject should not be closed without noting respondents' argument that the application of Rule 38(b) to § 1–771 would require that the demand for jury trial be made within ten days after the service of the last pleading directed to the issue, thus requiring such demand before even the court appointed commissioners had made their appraisal and certificate of award. Such an interpretation is technical, wholly unreasonable, and cannot be approved.

Respondents also insist that the petitioners were in default in the trial court, and therefore, under the provisions of Rule 5(a), W.R.C.P., no service was required to be made upon them. They cite

Woolley v. State Highway Commission, Wyo., 387 P.2d 667, 670, as stating that an answer should be filed in condemnation actions by the commission, but this is a misinterpretation. What we said was:

"* * * § 1–766, W.S.1957, requires that all pleadings in the proceeding be verified and although counter pleadings to the petition are not required, it is clear that such pleadings are contemplated, at least on the questions of authority, public purpose, use and necessity for the primary reason that unless 'controverted by counter pleadings' the allegations of the petition 'shall be deemed to be true.'"

By the very nature of the condemnation proceedings, the parties whose property is taken may expect a proper award even though they made no appearance, and they cannot fairly be said to be in default because they file no pleadings.

Under the circumstances present in this case, the failure of the State Highway Commission to comply with Rule 38 in the serving of the demand for jury was fatal.

The temporary writ of prohibition heretofore entered should be made permanent.

Writ granted.

Mr. Justice GRAY not participating.