Ben Mermelstein, J.
Defendant moves to dismiss the uniform traffic summons which accuses him of driving while ability impaired on August 28, 1965, in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law.
The basis for the motion is (1) no information was filed and; (2) that a detailed information must be filed in cases involving a violation of section 1192 of the Vehicle and Traffic Law and; (3) that the information was improperly verified. The defendant was arrested and charged with a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law. He was arraigned on that charge on August 31, 1965, and informed of his rights pursuant to section 335-a of the Code of Criminal Procedure. The defendant pleaded not guilty. The summons is verified by the Clerk of the City Court of New Rochelle.
A traffic ticket is notification to the party served that if he does not appear at the time and place therein mentioned, the court will he requested to issue a warrant for his arrest. The issuance of such a summons is neither necessary nor effective to confer jurisdiction on the court, and no proceeding is begun until the charge is submitted in the form of a sworn complaint. The court thus acquired jurisdiction of the defendant’s person after he was arrested and arraigned before the court, the charge against him read, and informed of his rights under section 335-a of the Code of Criminal Procedure, and to which charge he pleaded not guilty. He was also advised of his rights to demand a bill of particulars. The claim that he never received a copy of *741 the summons is, therefore, without merit. (People v. Scott, 3 N Y 2d 148; People ex rel. Best v. Banks, City Court of New Rochelle, Sept. 8, 1964, Breitbart, J.)
The second point raised by the defendant is to the effect that a violation of section 1192 of the Vehicle and Traffic Law requires that a detailed information be filed. A charge of drunken driving under section 1192, which would be either a misdemeanor or a felony, does require the filing of a detailed information. The charge here under consideration is driving while ability is impaired, constituting an offense, as distinguished from a misdemeanor or a felony.
It is well settled that in eases involving misdemeanors and felonies a detailed information is required. However, the violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law of which the defendant is here accused, constitutes an offense, and no detailed information is necessary (People ex rel. Jackson v. Fennelly, 5 A D 2d 71). This court can find no authority which would prohibit the use of the uniform traffic summons to include the offense while driving is impaired.
The third point raised by the defendant likewise is without merit. The summons is verified by the Clerk of the City Court of New Rochelle pursuant to authority vested in him by subdivision (a) of section 105 of the Uniform City Court Act, which permits a Clerk of the City Court to administer oaths, among other things.
Accordingly, the motion of the defendant is denied and the matter is set down for trial.