**William PETERSEN, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 5060.**

Supreme Court of Wyoming.

May 15, 1979.

James R. McCarty, Casper, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Sharon A. Fitzgerald, Legal Intern, Cheyenne, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

Defendant appeals the district court affirmance of his justice of the peace court conviction, following a jury trial, for driving while under the influence of alcohol. We will affirm.

He raises two issues:

1. Whether the district court erred in affirming the denial of defendant's challenge to his justice of the peace court jury panel.

2. Whether the trial court erred in receiving into evidence the results of a blood test administered to the defendant.

We are unable, due to the state of the record on appeal, to reach the defendant's second issue. As required by Rule 10(k), W.R.Cr.P.J.C., the defendant's jury trial was electronically recorded, resulting in two cassette tape recordings. Subsequent to the jury trial and during preparation of his appeal to the district court, it was discovered that the second cassette tape was broken and unusable. The testimony which defendant alleges was inadmissible is purportedly contained on this second tape.

Rule 75(c), W.R.C.P (now Rule 4.03, WRAP), provides:

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, by order of this court entered on January 1, 1979.

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

We have previously noted that while the use of Rule 75(c) is permissive, not mandatory, the failure to use this procedure may have adverse effects on an appeal. *Minnehoma Financial Company v. Pauli*, Wyo., 565 P.2d 835, 838 (1977). In *Maynard v. Maynard*, Wyo., 585 P.2d 1201 (1978), we held that where a trial judge did not approve a statement of the record, pursuant to Rule 75(c), we could not reach an issue as to the admissibility of evidence which was not, therefore, a part of the record.

In this case, the defendant made no attempt to have the record settled, thus enabling him to present this court with the allegedly inadmissible evidence and his objection thereto. We will not, under such circumstances, discuss the issue.

Defendant's first issue concerns the manner in which the panel of trial jurors was drawn. Although the record is silent as to this fact, the State concedes that the jury panel—utilized for the defendant's February 22, 1978, trial—was drawn from the 1978 jury list on January 18, 1978. Furthermore, the State does not deny that the defendant was not notified of the date when the drawing of the jury panel was to be held. The record discloses an order dated January 30, 1978, which is a setting of the defendant's trial date, that states that a list of the jury panel was available for inspection. On the day of trial, the defendant presented two challenges to the jury panel and moved the justice of the peace to quash the jury panel. The first challenge alleged that the jury panel had not been chosen in accordance with §§ 1–85 and 1–86.1, W.S.1957, 1975 Cum.Supp. [now §§ 1–11–106 and 1–11–108, W.S.1977],[1] be-

1. Section 1–11–106, W.S.1977, provides:
"(a) The list of persons qualified to serve as trial jurors, certified and delivered to the clerk of the district court in accordance with § 18–3–402 is the jury list for the district court, the county and justice of the peace courts for the remainder of the calendar year. Immediately after the list is delivered, the clerk of the district court shall prepare suitable ballots by writing the name of each person contained in the list with his place of residence and other additions, on a separate piece of paper. The ballots shall be uniform as nearly as may be in appearance and the clerk shall deposit them in a box known as and plainly marked 'jury box number one.' Within ten (10) days after the ballots are deposited, the clerk of the district court, sheriff and county treasurer shall draw from jury box number one a panel of trial jurors for the next term of the district court, which shall contain forty-eight (48) names or such higher number as specified by order of the district court. For any trial other than a felony case, a panel of trial jurors shall be drawn from 'jury box number three' whenever ordered by the court.
"(b) The clerk shall prepare a certificate containing the names constituting the panel of trial jurors, and summon them to appear in court for a trial whenever ordered by the court."
Section 1–11–108, W.S.1977, provides:
"(a) The names in jury box number one in the office of the clerk of the district court is the panel of trial jurors in all justice of the peace and county courts.
"(b) In conducting jury trials, judges of the county courts and justice of peace courts shall exercise and perform the same functions, powers and duties as are prescribed for both the judge and the clerk of the district court in W.S. 1–11–101 through 1–11–304, insofar as practicable.
"(c) Not less than ten (10) days prior to the day of a jury trial in a justice of the peace or county court, the judge of the court shall notify the parties of the hour and day when the judge and the clerk of the district court will draw the names of the panel of trial jurors from jury box number one. At the time specified the judge and clerk shall draw twenty (20) names, or such larger number as the judge may specify in the notice, which shall constitute the panel."

cause the jury panel was not selected ten days prior to trial and because the defendant had not received notice of the empaneling. The second challenge alleged that the jury panel had not been chosen in accordance with Rule 10(a), W.R.Cr.P.J.C.,[2] because the jury panel was not drawn from jury box number one at the beginning of the October, 1977, justice of the peace court term. The justice of the peace denied both challenges, indicating that the minor court rules applied. On appeal to the district court, the district court found a conflict between the statutes and the rules—as to when the panel should be drawn—but determined there was no showing of prejudice to the defendant.

On appeal to this court, the defendant does not argue against a determination that Rule 10 provides the controlling rule, but he asserts there was substantial noncompliance with Rule 10. The State, on the other hand, urges that the statute controls, and that the defendant failed to show any prejudice resulting from noncompliance with those provisions. In order, therefore, to dispose of this appeal, we must answer two questions:

1. Do the statutes or rules govern the process of empaneling a justice of the peace court jury?

2. Was there reversible error in empaneling the jury in this case?

### THE APPLICABLE LAW

Effective January 1, 1975, this court promulgated and adopted civil and criminal rules applicable to justice of the peace and municipal courts. This adoption of rules was in accordance with the statutes (§ 5–2–114, W.S.1977) and the plenary power of this court.

---

**2.** Rule 10(a), W.R.Cr.P.J.C., provides:

"(a) *Impaneling of Jury.* Jury terms for justice court shall run from April 1 to September 30 and from October 1 to March 21 annually. *At the beginning of each term, the clerk of the district court, the sheriff or his designated representative, and the justice shall draw twenty names, or such larger number as the justice presiding may have specified, from district court jury box number one, unless the justice court is located where district court jury box number three*

In the process of adopting these so-called minor court rules, certain statutory provisions relating thereto were expressly superseded. Rule 29, W.R.Cr.P.J.C.; and Rule 11, W.R.C.P.J.C. In Rule 29, two statutory provisions, that have significance to this case, were superseded: § 7–220, W.S. 1957 [now § 7–11–101, W.S.1977]; and § 7–421, W.S.1957 [now § 7–16–113, W.S. 1977]. Section 7–220 provided that trial juries for criminal actions were to be formed in the same way as juries for civil actions. Section 7–421 provided the manner of empaneling a jury in a justice of the peace criminal action. In place of these statutes, we adopted Rule 10, W.R.Cr.P.J.C. There should be no doubt that Rule 10 provides the manner for empaneling juries in justice of the peace criminal actions, and that the statutes in conflict with these procedural matters are no longer applicable.

The State suggests, however, that this court issues rules of practice and procedure through authority delegated by the legislature and, therefore, in the case of conflict between our rules and the statutes, the statutes control, citing a portion of 2 Sutherland, Statutory Construction, § 36.06 (1973). In a more pertinent portion of the same section, the editor observes:

"Where there is constitutional authority for the judicial department of government to issue rules of practice and procedure or if, in the absence of a constitutional provision, such authority is assumed to be an inherent part of the judicial power, then courts which exercise such authority may be regarded as the legislative authority of the state having jurisdiction to 'enact' law on that subject,

---

may be used; provided, however, that the list of twenty names shall consist of voters residing within five miles of the limits of the city in which the justice court is located or within the city limits in municipal court. After the list is complete, the names drawn shall be replaced in the box used. *The twenty registered voters shall serve as a jury panel for justice court for one term.* Such jurors shall receive the same fees and mileage as jurors in district courts."

just as the legislature makes law on the subjects entrusted to its jurisdiction. The rules issued under those circumstances have stature in the hierarchy of law comparable to that of statutes enacted by the legislature, and acts of the legislature on the subject of judicial practice and procedures in such states are invalid for lack of constitutional jurisdiction in the legislature to make such laws on that subject."

█ The Wyoming Constitution provides in Article 5, Section 2, that the supreme court "shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." It is well recognized that in this jurisdiction the courts have inherent rights to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments. *State ex rel. Frederick v. District Court,* Wyo., 399 P.2d 583, 584 (1965), and cases cited. The legislative enactments referred to include those that deal with the substantive rights of persons or the jurisdiction of a court. Matters dealing with procedure, particularly in the minor courts, are entirely within the province of this court.

We hold that Rule 10, W.R.Cr.P.J.C., provides the procedures for the empaneling of a jury in a justice of the peace criminal action.

## COMPLIANCE

█ Rule 10 contemplates that a jury panel will be drawn at the beginning of a court term. As required by the Wyoming Constitution (Article 5, Section 26), the jury terms for the justice courts were established by this court to commence on April 1 and October 1 of each year. Rule 10(a), supra. The jury panel in this case was drawn on January 18, 1978. It should have been drawn at the beginning of the October, 1977, term. The effect of this erroneous procedure was to obtain a jury panel from the jury list comprised of the names of persons appearing on the 1978 official register of voters. See, § 18–3–402(a)(xix), W.S.1977, and § 1–11–106(a), supra. If Rule 10 had been followed, the jury panel would have been drawn from a jury list comprised of names from the 1977 official register of voters. Was such noncompliance sufficient to support the defendant's motion to quash?

In *State of Wyoming v. Dobbs,* 70 Wyo. 26, 244 P.2d 280 (1952), this court followed prior case law in holding that a stipulation that 36% of the persons on a jury list were not qualified jurors was a sufficient showing of noncompliance to sustain a motion to quash. The defendant, under such circumstances, was not required to show prejudice. The distinction between *State v. Dobbs* and the present case is that here there is no showing that any of the jurors actually empaneled were not qualified. Our decision in *State v. Dobbs* stands for the proposition that prejudice will be assumed when there are—due to noncompliance with the selection procedures—a significant number of nonqualified jurors who end up on the jury list.

Our decision in *Meldrum v. State,* 23 Wyo. 12, 146 P. 596 (1915), refused to reverse a conviction where it was not shown that all of the names, or a considerable portion thereof, left off of a jury list did not fall within a disqualified class. Likewise, in *Johnson v. State,* 29 Wyo. 121, 211 P. 484 (1922), we found no reversible error where the defendant failed to show prejudice resulting from the selection of two jurors, under an open venire, whose names did not appear on the county's last assessment role.

█ In *State v. Dobbs,* we quoted from *People v. Boston,* 309 Ill. 77, 139 N.E. 880, 882, as follows:

". . . 'Mere irregularities in failing to comply strictly with the provisions of the statute which are not prejudicial to the parties do not invalidate the list, but a substantial compliance with the law is necessary, and *a disregard of the material provisions which make up the essential features of the system and are designed to secure and preserve a fair and impartial trial is not a mere irregularity* and is

ground for challenging the array. Where no attempt has been made to select a jury in accordance with the requirements of the statute, as the record shows to be the fact in this case, the challenge to the array must be sustained.' " [Emphasis supplied]

Errors and irregularities in making up a jury panel which can in no way prejudice the parties do not invalidate a jury array. *State v. Goyet,* 119 Vt. 167, 122 A.2d 862, 867 (1956).

The defendant has failed to indicate, in any way, how he could have been prejudiced by the irregularity in this case. He makes no contention that qualified jurors were omitted or that unqualified jurors were included because of this irregularity. While nothing herein should be taken as an excuse for not strictly following the requirements of Rule 10, we hold that the district court was correct in affirming the denial of the defendant's motions to quash his justice of the peace court jury panel.

Affirmed.