**Richard L. GOODMAN, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 5579.

Supreme Court of Wyoming.

May 17, 1982.

As Changed June 11, 1982.

Gerald R. Mason and William H. Twichell, Mason & Twichell, P. C., Pinedale, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Michael L. Hubbard, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

Appellant, Richard Goodman, was convicted in justice court for traveling 67 miles per hour in a 55-mile-per-hour zone, in violation of § 31–5–301(b)(iii), W.S.1977.[1] Upon finding Mr. Goodman guilty, the justice of the peace imposed a fine of $12.00 and $5.00 court costs. The statutes do not provide for a jail sentence for the violation with which Goodman was charged and for which he was convicted.

Appellant made several timely demands for a jury, all of which were denied. The justice of the peace cited two decisions of this court as his authority for refusing to grant Mr. Goodman's jury-trial request.[2]

Goodman then appealed to the district court, where the decision of the justice of the peace was upheld, and he now comes here with the following issues for our consideration:

"1. Did the Justice of the Peace Court err in refusing to grant the defendant a trial by jury of the facts and evidence against him?

"2. Did the District Court err in dismissing the appeal and affirming the finding of the Justice of the Peace and specifically finding that the defendant was not entitled to a trial by jury in this case?"

---

1. Section 31–5–301(b)(iii) provides:

"(b) Except when a special hazard exists that requires lower speed for compliance with paragraph (a) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway in excess of such maximum limits:

"(iii) Fifty-five (55) miles per hour in other locations."

2. *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980); *Shafsky v. City of Casper*, Wyo., 487 P.2d 468 (1971).

We will hold that Mr. Goodman is entitled to a jury trial and reverse the decision of the trial court.

Essentially, the contentions of the appellant are:

1. The applicable statute provides that this defendant is entitled to a trial by jury.[3]

2. If it were to be decided by the court that § 7–16–112, W.S.1977 is superseded by a court rule,[4] the applicable court rule (Rule 5(c), W.R.Cr.P.J.C.)[5] still contemplates that a trial by jury will be afforded the defendant.

3. It is the further contention of the appellant that the Wyoming Supreme Court's rule-making authority granted by the state Constitution[6] and implemented by statutes[7] cannot supersede or supplement a jury-trial-giving statute because the right to trial by jury given by statute

---

**3.** Section 7·16 112, W.S.1977 (formerly § 7–420, W.S.1957), provides:

"Before the justice has heard any testimony upon the trial, the defendant may demand a jury, which in all cases shall be allowed."

**4.** Section 7 16–112, W.S.1977 was previously· carried in the 1957 compilation as § 7–420, and, according to the provisions of Rule 29, W.R.Cr.P.J.C., that referenced statute is listed as one of those superseded by the rules.

**5.** Rule 5, W.R.Cr.P.J.C., provides:

"Rule 5. Prosecutions before the justice.

"(a) Appearance.—An officer making an arrest under a warrant issued upon complaint or any person making an arrest without a warrant shall take the arrested person forthwith before the justice. When a person arrested without a warrant is brought before a justice, a complaint shall be filed and served forthwith.

"(b) Statement by justice.—The justice shall read and explain to the defendant the complaint against him and any affidavits filed therewith, and shall inform him of his right to retain counsel, of his right to request the assignment of counsel when applicable under Rule 6 if he is unable to retain counsel, of his right to consult counsel and that he is not required to make a statement and that any statement made by him may be used against him; and of the circumstances under which he might secure pretrial release under Rule 7.

"(c) Arraignment.—After the justice has read the charge to the defendant and ascertained if he is charged in his right name, and has explained to him the constitutional rights set forth in subdivision (b) above, *he shall explain to the defendant his right to trial by the court or by a jury and the requirements of a demand for trial by jury,* and, after opportunity, if desired, to consult counsel, require the defendant to plead. The plea may be either written or oral and shall be entered upon the docket of the justice. If the defendant pleads guilty and the plea is accepted pursuant to Rule 9, he shall be sentenced forthwith pursuant to the procedures outlined in Rule 18. If the defendant pleads not guilty, the justice shall either conduct a trial immediately or fix a time for trial. The date of trial shall be fixed at such time as will afford the defendant a reasonable opportunity for preparation and, if desired, representation by counsel. *If the defendant elects to be tried by a jury, he shall so demand at the time he pleads not guilty.*

"(d) Jury in municipal court.—*There shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction*; but in all other respects, except as otherwise provided, the trial shall be conducted in like manner as criminal cases are tried before justices of the peace." (Emphasis added.)

**6.** The Wyoming Constitution, Art. 5, § 2, provides:

"The supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law."

**7.** The Wyoming legislature has implemented the constitutional mandate through § 5–2–102, W.S.1977, which provides in part:

" * * * The supreme court is the head of the state judicial system, and the chief justice is the chief administrator of the duties prescribed by law to be performed by the court.";

§ 5–3–102, W.S.1977, 1981 Cum.Supp., which provides in part:

"The supreme court of the state of Wyoming shall adopt suitable rules and regulations to provide for division of the work between the judges and to facilitate the administration of the business of the courts.";

and § 5–4–207, W.S.1977, which provides:

"The supreme court of Wyoming is hereby vested with *supervisory powers* over the justice courts of the state of Wyoming, and *shall,* by rule of the supreme court, establish procedures and regulations for the effective and expeditious administration of the business of the justice court system of the state and *shall* establish fees and costs for said courts." (Emphasis added.)

(§ 7–16–112, W.S.1977, in this case) is a substantive right. *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980). It is the appellant's theory that this statute cannot be superseded through the rule-making powers of this court because that authority grants procedural prerogatives only. *Petersen v. State*, Wyo., 594 P.2d 978 (1979), and *Lapp v. City of Worland*, supra.

In response to these contentions, the State says this:

The issue is whether the defendant was entitled to a jury trial in justice court for the violation of a statute defining a misdemeanor where no jail sentence was provided for by the statute.

The State argues that the statute, which formerly provided for a right to a trial by jury (§ 7–16–112, W.S.1977, supra, n.3), was superseded by Rules 5(d) (supra, n.5), and 29, W.R.Cr.P.J.C. (supra, n.4), and there being no statute which provides for a jail sentence for a violation of § 31–5–301(b)(iii) (supra, n.1), 5(d) (supra, n.5) is, therefore, controlling and this subsection does not grant Mr. Goodman a jury trial.

It is further the contention of the State that—in these circumstances—there is no affront to any substantive right because the question of whether such a defendant as Mr. Goodman has a right to a trial by jury in the justice court on a misdemeanor charge is a question of procedure over which this court has rule-making power according to the applicable constitutional and statutory provisions. (Supra, nn.6 and 7.)

The State is *wrong for a lot of reasons* when it undertakes to support the justice and district court decisions on the ground that Rule 5(d) (supra, n.5) denies Goodman a jury trial.

In the first place, Rule 5(d) is not applicable to this case. Rule 5(d) has to do with rights to trial by jury in *municipal courts* —not *justice of the peace courts*. What is more, this court has never decided the issue of whether or not a defendant charged in municipal court with an offense which does not carry a jail sentence is entitled to a jury

trial, and the question is not before us here!!!

The State would have us respond to the question which asks whether or not a rule of this court which purports to supersede a jury-trial-giving statute can, in fact and law, have that effect. To answer this we must first identify the statute and the rule that we are talking about.

■ Wyoming has a statute which gives to Mr. Goodman the right to a jury trial (§ 7–16–112, W.S.1977, supra, n.3), and we have a statute which specifically grants to this court supervisory power, including rule-making power over the justice courts of this state (§ 5–4–207, W.S.1977, supra, n.7). In addition, we have a rule which says that § 7–16–112, W.S.1977 is superseded by the rules pertaining to justice courts (Rule 29, W.R.Cr.P.J.C., supra, n.4). Assuming, arguendo, that the statute is capable of being superseded by rules adopted by this court, the only mention of jury-trial rights for justice court defendants is to be found in Rule 5(c)—*not Rule 5(d)*. Rule 5(c) is not in conflict with Goodman's statutory right to a jury trial. It reaffirms that right. Rule 5(c) clearly grants a justice court defendant a right to a trial by jury. Thus—even if the statute had been superseded (which it could not have been), Rule 5(c) still authorizes Goodman's jury trial.

The State goes on to make the argument that Rule 29, W.R.Cr.P.J.C. (supra, n.4), superseded § 7–16–112, W.S.1977, (supra n.3), and (since it cannot agree that Rule 5(c) grants a jury trial in and of itself), therefore, there is no rule provision for a jury trial for a justice of the peace defendant—ergo, Goodman does not have a right to a trial by jury. This calls into play the question of whether or not the right to a jury trial is a substantive or procedural matter.

■ The right is substantive. The Wyoming Supreme Court cannot supersede a statutory jury trial right through the exercise of its rule-making power.

In *Lapp v. City of Worland*, supra, we said of a statute which guaranteed a municipal court defendant a jury trial, that the right is:

"a substantive right of a person reserved to the legislature by * * * [the statute]." 612 P.2d at 873.

See also *State ex rel. Weber v. Municipal Court*, Wyo., 567 P.2d 698 (1977), and *State ex rel. Frederick v. District Court*, Wyo., 399 P.2d 583, 12 A.L.R.3d 1 (1965). This court has historically taken the position that our rule-making authority is restricted by legislative enactments. Section 5–2–114, W.S.1977, for example, provides that the courts may adopt general rules governing:

"pleading practice and procedure in all courts of this state * * *."

Section 5–2–115, W.S.1977 provides in part that:

"(b) Such rules shall neither abridge, enlarge, nor modify the *substantive* rights of any person * * *." (Emphasis added.)

We said in *Petersen v. State*, Wyo., 594 P.2d 978 at 982:

"The Wyoming Constitution provides in Article 5, Section 2, that the supreme court 'shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law.' It is well recognized that in this jurisdiction the courts have inherent rights to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments. *State ex rel. Frederick v. District Court*, Wyo., 399 P.2d 583, 584 (1965), and cases cited. The legislative enactments referred to include those that deal with the substantive rights of persons or the jurisdiction of a court. Matters dealing with procedure, particularly in the minor courts, are entirely within the province of this court."

This court has therefore held that our rule-making authority cannot extend so far as to affect the substantive rights of our citizens and that these concerns will be left for the legislature.

We hold that the right to a trial by jury when guaranteed by statute is a substantive right that cannot be superseded by this court's rules.

The provisions of § 7–16–112 grant to Mr. Goodman a right to a trial by jury—the statutes stand unassailed by any rule of this court which purports to either supersede the statute or with which the statute is said to be in conflict.

Reversed.

RAPER, Justice, concurring.

I concur in the opinion of the court, except insofar as it may conflict with this concurring opinion.

The only reason I do so, however, is because we are compelled to follow the direction of the legislature which places the onerous burden on the public and the courts of providing a trial by jury in a petty case of $17.00—$12.00 fine plus $5.00 costs.

*Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980), as urged by appellee is not authority for dispensing with trial by jury in justice of the peace courts. It honors the discretion of the legislature that there be trial by jury upon demand as a substantive right but only as a matter of procedure recognized the right of this court to by rule place the jury trial in the trial court where it belongs rather than in the district court sitting as an appellate court. In *Lapp*, footnote 7 points out that many courts hold that the constitutional provision that the right to trial by jury shall remain inviolate does not require a jury trial in petty offenses.

*Shafsky v. City of Casper*, Wyo., 487 P.2d 468 (1971), also cited by appellee, was not disposed of on the basis that the defendant was not entitled to a jury trial in municipal court even when demanded but only recognized the right of an appellate court, the district court there, to dismiss appeals for lack of prosecution. In *Shafsky*, however, this court peripherally dismissed the proposition that there is a constitutional requirement that a trial by jury be afforded in petty cases. It was only discussed as incident to the right of the district court to dismiss appeals for lack of prosecution. The question of the trial court's right to deny a jury was not squarely before the court as it is here.

The *Lapp* and *Shafsky* decisions have in common expressions by this court that failure to provide for a jury in petty cases is not unconstitutional. Those opinions may not have adequately pointed out to the legislature that it need not continue to statutorily provide for trial by jury in petty cases for constitutional reasons.

Section 31–5–1201, W.S.1977, Cum.Supp. 1981, of the Uniform Act Regulating Traffic on Highways, provides:

"(a) It is a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony.

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this act for which another penalty is not provided shall for a first conviction thereof be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment for not more than ten (10) days; for a second such conviction within one (1) year thereafter such person shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment for not more than twenty (20) days or by both such fine and imprisonment; upon a third or subsequent conviction within one (1) year after the first conviction such person shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment for not more than six (6) months or by both such fine and imprisonment, provided, however, that evidence of a prior conviction or convictions shall not be introduced during the trial of any case, but shall be introduced only after the completion of the trial for the purpose of determining the penalty to be imposed upon a conviction hereunder.

"(c) Every person convicted of a violation of W.S. 31–130(b)(iii) [§ 31–5–301(b)(iii)] may be fined a maximum of one dollar ($1.00) per mile for each mile per hour in excess of fifty-five (55) miles per hour and up to and including seventy-four (74) miles per hour, and assessed a maximum of five dollars ($5.00) for court costs. Persons convicted of exceeding speeds above seventy-four (74) miles per hour shall be fined at the discretion of the judge but not less than twenty-five dollars ($25.00) nor more than the maximum penalties provided by subsection (b) of this section, with assessed court costs. Convictions shall not be considered pursuant to W.S. 31–276.26(b)(i) [§ 31–7–127(b)(i)] for driver license revocations for speeding violations of less than seventy-five (75) miles per hour.

\* \* \* \* \* \* \* "

There are other penalties of a fine or imprisonment to not exceed 30 days which apply to the trucking industry, § 31–5–1005, W.S.1977. There are other serious offenses in the traffic act with severe penalties, such as vehicular homicide, § 31–5–1117, W.S.1977, Cum.Supp.1981, and driving a vehicle under the influence of liquor or drugs, § 31–5–233, W.S.1977, Cum.Supp. 1981, which includes a driver's license suspension. I am not protesting trial by jury for serious crimes.

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), it was said that there is a class of petty crimes or offenses which is not subject to the Sixth Amendment[1] jury trial provision and should not be subject to the Fourteenth

---

1. Sixth Amendment to the United States Constitution:

   "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

Article 1, § 9, Wyoming Constitution:
   "The right of trial by jury shall remain inviolate in criminal cases, but a jury in civil cases in all courts or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter a grand jury may consist of twelve men, any nine of whom concurring may find an indictment, but the legislature may change, regulate or abolish the grand jury system."

Amendment[2] jury trial requirement which is applied to the states. The Supreme Court went on to say that:

" * * * Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses, *Cheff v. Schnackenberg*, 384 U.S. 373 [86 S.Ct. 1523, 16 L.Ed.2d 629] (1966). But the penalty authorized for a particular crime is of major relevance in determining whether it is serious or not and may in itself, if severe enough, subject the trial to the mandates of the Sixth Amendment. * * * " 391 U.S. at 159, 88 S.Ct. at 1453.

It was noted in *Duncan* that in 49 of the 50 states there is a class of crimes subject to trial without a jury. By statute there is no class of offenses in Wyoming subject to trial without a jury except when waived by the defendant.

In *Duncan*, the court recognized that the guarantee of a jury trial was to prevent oppression by the government, to give the accused a "safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge." But it also noted that fundamental rights should only attach when defendants are charged with "serious crimes."

" * * * [T]he possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications. These same considerations compel the same result under the Four-

teenth Amendment. * * * " 391 U.S. at 160, 88 S.Ct. at 1453.

It appears that the Supreme Court of the United States has drawn the line at six months imprisonment as the top limit of petty offenses. *Baldwin v. New York*, 399 U.S. 66, 68, 90 S.Ct. 1886, 1887, 26 L.Ed.2d 437, 440 (1970). Petty offenses[3] in the Federal establishment need not be tried by juries. *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). See also *Schick v. United States*, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904), for an excellent discussion of the history and reasons for not requiring a jury trial in petty cases.

It is urged that there is no need or justification for jury trials where the limit of imprisonment is six months. It is nothing more than a useless and expensive burden on the public and the administration of justice. There is no reason why our practice should be any different than in the Federal Government. The case before us vividly demonstrates the need for reform but we cannot take that step—the legislature must act. There is no indication in the record that appellant's potential sentence would have been more than a fine. Section 31–5–1201(c), supra. It is travesty on the public that it bear all the expense of the prolonged judicial proceedings here involved over a $12.00 fine and $5.00 costs. Jury trials should be reserved for serious cases.

ROONEY, Justice, specially concurring.

My agreement in the result reached by the majority opinion is founded on (1) the

---

**2.** Fourteenth Amendment to the United States Constitution reads in pertinent part:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**3.** 18 U.S.C. § 1 classifies offenses:

"Notwithstanding any Act of Congress to the contrary:

"(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

"(2) Any other offense is a misdemeanor.

"(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

Section 6–1–102, W.S.1977, classifies offenses:

"Offenses which may be punished by death, or by imprisonment in the penitentiary, are 'felonies'; all other offenses are 'misdemeanors.' "

Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts as promulgated by this court, and (2) our holding in *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980), with reference to such rules.[1] Appellant has a right to jury trial in this case by virtue of these rules.

I agree with Justice Raper that it is impractical from the standpoint of time and expense to mandate a jury trial in cases such as this wherein the probable penalty is a $12.00 fine and $5.00 costs. Accordingly, such rules should be changed to eliminate whatever procedural rights to a jury trial for petty offenses are contained therein.

I agree with Justice Raper that the legislature should act to reword the existing statutes so as to eliminate any question which might exist therein relative to procedural and substantive rights to a jury trial for petty offenses, making it definite that such rights do not exist. However, there are two aspects relative to such legislative action to be commented upon: (1) Whether or not the constitution mandates a right to a jury trial for petty offenses, and (2) whether or not a right to a jury trial for petty offenses is presently mandated by our statutes.

With reference to the second aspect, I believe the intent of the legislature as expressed in the overall statutory scheme of criminal prosecutions does not provide a right to a jury trial for petty offenses. Without detailing such, I note that the requirement for prosecution on indictment or information in serious crimes and that for prosecution only on a complaint in petty crimes correlates with the right to a jury trial in prosecution for serious crimes and the lack of such right in prosecution for petty offenses. Without referring to the several specific places in the statutes where distinctions are implied between serious crimes and petty offenses and for the purposes of this special concurrence, I will exemplify the overall statutory scheme by re-ferring only to the particular statute concerning which the parties address their arguments in this case. Section 7–16–112, W.S.1977, provides:

"Before the justice has heard any testimony upon the trial, the defendant may demand a jury, which in all cases shall be allowed."

As originally enacted, this section was part of "AN ACT Defining the Jurisdiction of Justices of the Peace in Criminal Trials, and of the Proceedings therein." The act was codified as Ch. 71, Part II, § 12, Compiled Laws of Wyoming 1876. It is now codified in Title 7, Ch. 16, W.S.1977 (§§ 7–16–101 through 7–16–211, W.S.1977). Of the nearly four dozen sections of the original enactment, only three sections have been amended in over one hundred years. One of the amendments in 1877 was to the section now codified as 7–16–101, W.S.1977. As originally enacted the jurisdiction of the justices of the peace were for certain crimes presented "on information." The entire enactment was worded upon such presumption, even to the point of setting out the form of the information. By page 73, S.L. of Wyoming 1877, the section was changed to extend jurisdiction over the same crimes when presented "on information or complaint." The rest of the enactment was not changed. A form of complaint was not set out.

Section 7–16–102, W.S.1977, still states that "Criminal actions for the commission of a public offense may be commenced before a justice of the peace by an information subscribed and sworn to, and filed with the justice." And, indeed they may. A traffic ticket may be prosecuted by information. However, when initially enacted, the section obviously referred back to the next preceding section which gave the justice jurisdiction only when an information was filed for certain crimes. Section 7–16–102 was directive as to how the proceeding

---

1. Rule 5(c) and Rule 10, W.R.Cr.P.J.C. reflect a necessity for a justice of the peace to advise the defendant of a right to a jury trial and to afford one to him in all cases, and Rule 5(d) and Rule 10, W.R.Cr.P.J.C. reflect the same necessity for a municipal judge when a jail sentence "is to be imposed upon conviction." In Lapp, we held that the fact that a jail sentence *may* be imposed was determinative of a right to a jury trial in municipal courts.

was to be initiated. But it had no effect when the proceeding was started by means of a complaint.

Section 7–16–105, W.S.1977, authorizes the justice of the peace to issue a warrant for arrest "upon the filing of such information." No provision was made for issuance of an arrest warrant when the proceedings were initiated on complaint. When arraigned, the justice of the peace is directed to inquire as to whether or not the defendant is properly named "in the information." Section 7–16–107, W.S.1977. No such requirement is set forth if the proceedings were initiated by means of a complaint.

The entire enactment was intended to have effect only upon proceedings initiated on an information, not on a complaint. It was so intended when it was enacted, and the intention was not changed when authorization was given to initiate proceedings by means of a complaint. Section 7–16–112, W.S.1977, relative to a jury trial was a part of the enactment meant to apply to proceedings initiated by an information—not a complaint. It was not intended to apply when the proceedings were initiated by a complaint. The authority of a justice of the peace to issue a warrant for arrest on the basis of a complaint is set forth in other statutes, e.g., §§ 7–3–501, 7–8–105, W.S. 1977.

Again, I note that although it is probable that a legislative intent can be ascertained to not give a right to a jury trial in petty offenses, I join with Justice Raper in suggesting that the legislature make clear its intent in that respect.

The second aspect to be commented on is the expressed fear that it may not be possible, legislatively or otherwise, to deprive a defendant of a right to a jury trial for petty offenses because of constitutional restrictions.

Art. 1, § 9 of the Wyoming Constitution provides in pertinent part: "The right of trial by jury shall remain inviolate in criminal cases * * *." Such language solidifies the right to a jury trial in criminal cases *as it existed in 1890* when the Constitution was adopted. It provides that such right "shall *remain* inviolate" (emphasis added). Thus, a right to a jury trial is constitutionally mandated by Art. 1, § 9, if such a right existed in 1890 at common law or if one then existed under the Constitution of the United States (recognized by the Wyoming Constitution to be the supreme law of the land. Art. 21, § 24, Wyoming Constitution). See *National Labor Relations Board v. Jones & Laughlin Steel Corporation*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); *Rankin v. Frebank Company*, 47 Cal.App.3d 75, 121 Cal.Rptr. 348 (1975); *Rothweiler v. Superior Court of Pima County*, 100 Ariz. 37, 410 P.2d 479 (1966).

A right to a jury trial did not exist, or would not have existed, at common law for petty crimes. *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

Art. III, § 2,[2] and the Sixth Amendment[3] of the Constitution of the United States are not in conflict with each other. *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). The Fourteenth Amendment to the Constitution of the United States makes the provisions of Art. III, § 2, and the Sixth Amendment thereto applicable to state criminal proceedings. *Dyke v. Taylor Implement Mfg. Co.*, supra. But they are not applicable for prosecutions for petty offenses. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Frank v. United States*, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969). The determination of whether or not a crime is petty can be made upon the basis of:

---

**2.** Art. III, § 2, of the Constitution of the United States provides in pertinent part: "The Trial of all Crimes * * * shall be by Jury * * *."

**3.** The Sixth Amendment to the Constitution of the United States provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *."

" * * * indications of the seriousness with which society regards the offense. *District of Columbia v. Clawans,* * * * [300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937) ]. The most relevant indication of the seriousness of an offense is the severity of the penalty authorized for its commission. * * * " *Frank v. United States,* supra, 89 S.Ct. at 1505.

In his concurring opinion, Justice Raper has adequately indicated the propriety of generally considering a crime to be petty if the authorized penalty for it is a maximum imprisonment for six months and a fine of $500.00.

Finally, without reference to the fact that the Wyoming Constitution provides that the right to a jury trial "remains" as it existed in 1890, the interpretation of the Constitution of the United States which also requires the "trial of all crimes" to be by jury, and that the accused shall enjoy the right to a jury trial in "all criminal prosecutions" reflects the propriety of interpreting the Wyoming Constitution to except petty crimes from those for which a right to a jury trial is mandated. The force of the language in the United States Constitution is as strong in this respect, if not stronger, than that in the Wyoming Constitution.

The crime here involved is petty, and the right of appellant to a jury trial is not constitutionally required.

Because the Rules of Criminal Procedure for Justice of the Peace Courts requires a jury trial in this case, the case should be reversed and remanded with instruction to afford such trial to defendant. However, we should change such rules to preclude such right for petty offenses, and the legislature should act to express its position with reference to a right to a jury trial for petty offenses.

BROWN, Justice, specially concurring.

I do not have any substantial disagreement with what has been said by the majority nor the concurring opinions. It is obvious that there is a need to extricate ourselves from the ridiculous situation requiring a jury trial for offenses calling for a fine of a few dollars. Unless remedial action is taken, enforcement of traffic regulations will be rendered impotent. As a practical matter law enforcement officials are not going to spend several hundred dollars for a jury to collect a fine of a few dollars.

The concurring opinions suggest action that may be taken. In the alternative, the legislature may want to consider classifying certain petty offenses as noncriminal and provide for a small fine. It may want to classify these offenses as petty offenses, infractions, violations or some similar noncriminal appellation. Other states have gone this route. For example, New York does not consider certain "traffic infractions" misdemeanors. *People v. Gilberg,* Sp.Sess., 21 N.Y.S.2d 920 (1940); and *Tozzi v. Doherty,* 262 N.Y.S.2d 1017, 47 Misc.2d 740 (1965).

Reclassifying certain minor offenses as noncriminal makes sense. Under present Wyoming law, if a person is convicted for driving 56 miles an hour on the interstate, technically he has a criminal misdemeanor conviction. Some people probably have a long criminal record consisting only of minor traffic violations.

In Wyoming and elsewhere, conviction of minor traffic offenses is not really considered a crime, even though the statute says it is. For example, in making application for employment, a question on the application form usually asks if the applicant has ever been convicted of a crime "except minor traffic offenses."

What is suggested here, of course, would not apply to vehicular homicide, DWUI, or other serious traffic violations.