**Steven Richard BARELA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 96–171.

Supreme Court of Wyoming.

April 10, 1997.

life in the Wyoming State Penitentiary after pleading guilty to the second degree murder of his wife.

## ISSUES

In his *pro se* brief, Appellant Barela presents three issues:

I. Did the district court judge abuse his discretion when he failed to give full and proper consideration to the newly revealed mitigating information that warranted a resentencing at the appellant's hearing on his motion for a sentence modification?

II. Was the appellant denied his due process rights when the court failed to insure (sic) a complete record was transcribed of his modification of sentence hearing ther[e]by denying him a full record for appellate review?

III. Was the appellant afforded ineffective assistance of counsel when his attorney failed to insure (sic) a complete record of his sentence modification hearing was transcribed?

In reply, Appellee State presents the following statement of the issues:

I. Whether the trial court abused its discretion in appellant's sentence reduction hearing.

II. Whether appellant was denied his due process rights by the district court's failure to have his sentence reduction hearing reported and transcribed, and whether appellant's counsel was ineffective due to his failure to ensure the hearing was reported and transcribed.

## FACTS

On November 3, 1994, a felony information was filed charging Barela with the first degree murder of his wife. Barela entered pleas of not guilty, not guilty by reason of mental illness or deficiency, and not triable by reason of present mental illness or deficiency. As a result of those pleas, Barela was committed to the Wyoming State Hospital (State Hospital) for evaluation. On March 29, 1995, an amended felony information was filed, charging Barela with one count of second degree murder. Barela subsequently changed his plea to guilty and

Steven Richard Barela, Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General, Bryan A. Skoric, Assistant Attorney General, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Steven Richard Barela (Barela) appeals from the district court's order denying the petition to modify his sentence. Barela was originally sentenced to twenty-eight years to

provided the court with a statement concerning the events surrounding the murder as a basis for his plea. In his change of plea statement, Barela admitted that he was the only person who could have killed his wife.

During his stay at the State Hospital, Barela reported several head injuries to the hospital's psychiatrist, including the head injury he sustained as an infant which he claimed led to a stay at the Denver Children's Hospital. The State Hospital conducted extensive neurological studies and obtained a medical and behavioral history from Barela and his grandmother. Barela denied that he had any difficulty controlling his temper after the head injuries, comparing his degree of emotional control to others he knew. Based on the neurological tests and medical history, the psychiatrist determined that his head injuries were irrelevant to the crime he committed. The report also indicated that Barela was diagnosed with Explosive Personality Disorder while confined to a federal prison by the United States Army for conduct while he was in the military. The State Hospital found him competent to stand trial and diagnosed him with antisocial personality disorder, cocaine abuse and alcohol abuse. Prior to sentencing, the district court considered statements from Barela, his presentence investigation report, to which Barela made several corrections and additions, and the report from the State Hospital.

At the sentencing hearing and in its subsequent sentencing order, the district court found that Barela had not accepted responsibility for or shown any remorse for his crime, that he had a pattern of progressively escalating substance abuse and related violence and that he refused to avail himself of the resources and opportunities provided to him for rehabilitation in the past. The district court denied Barela's request for probation and sentenced him to serve a term of twenty-eight years to life in the Wyoming State Penitentiary on April 21, 1995.

On April 19, 1996, Barela filed a petition for modification of his sentence with the district court, pursuant to WYO. R.CRIM. P. 35. Barela's petition claimed that he suffered a serious head injury while an infant and that the court did not consider the possibility that

the injury causes his violent behavior when it sentenced him. Further, he claimed that due to the head injury, the psychological diagnoses of his condition provided by the State Hospital and the U.S. Army were incorrect and asked the court to consider a different diagnosis, related to his head injury. Barela then asked the court to modify his sentence to a minimum of twenty years and a maximum of twenty-four years at the Wyoming State Penitentiary.

On May 3, 1996, the district court heard evidence from Barela and his grandmother. The May 3, 1996, hearing was not recorded or transcribed. After considering the testimony and reviewing the matter, the district court denied Barela's request to modify his sentence. Barela appeals from the district court's order. He also presents constitutional claims for denial of due process and ineffective assistance of counsel based on the failure to record and transcribe the sentence modification hearing.

## DISCUSSION

*Sentence Modification*

■ Barela petitioned the district court to modify his sentence pursuant to WYO. R.CRIM. P. 35. The substance of his request was based on the fact that the court did not have complete medical records regarding his psychological diagnosis and condition when it sentenced him originally. While Barela claims that a misdiagnosis of his condition was relevant to the court's original sentencing decision, he does not present us with any evidence of this from the record. At the sentencing hearing, the district court commented at length about Barela's refusal to utilize the rehabilitative resources provided to him and his continued substance abuse. The district court did not comment on the diagnosis from the State Hospital or the U.S. Army. Additionally, although Barela fails to acknowledge it, the State Hospital report did take the head injury into account in its evaluation.

■ Barela claims he should have been allowed to provide expert testimony concerning his condition and that the district court abused its discretion in "substituting its judg-

ment for that of a qualified expert...." However, Barela fails to explain how expert testimony which might provide a different diagnosis could or should result in a reduction of his sentence. Barela presented his argument to the district court, along with reports concerning his childhood head injury and testimony from his grandmother. However, he was unable to convince the district court that a different diagnosis should result in a reduced sentence. The district court has broad discretion in determining whether to modify a defendant's sentence and we will not disturb its determination absent an abuse of discretion. *McFarlane v. State,* 781 P.2d 931, 932 (Wyo.1989). Therefore, we affirm the district court's order denying the petition to modify the sentence.

*Constitutional Claims*

█ Barela also claims he was denied due process and effective assistance of counsel based on counsel's failure to have the sentence modification hearing reported and transcribed. However, WYO. R.APP. P. 3.03 provides for use of an alternative form of the record in cases such as this. Rule 3.03 allows the appellant to prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. WYO. R.APP. P. 3.03. Barela has not attempted to use this alternative method to provide us with a complete record. Failure to use this procedure may have adverse effects on an appeal. *Petersen v. State,* 594

P.2d 978, 980 (Wyo.1979). However, we are not rejecting Barela's appeal on this basis because he presents an ineffective assistance of counsel claim and because we are able to determine the district court did not abuse its discretion based on the record before us.

█ Finally, Barela is silent as to how the lack of a transcript of the hearing has prejudiced him in this case. His argument is clear from his briefs and he has not shown how a transcript of the hearing would supplement his arguments. That being the case, he has not shown the prejudice necessary for an ineffective assistance of counsel claim. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

## CONCLUSION

Barela fails to provide us with any argument that he was prejudiced by the failure to have the sentence modification hearing recorded and transcribed. Therefore, we deny his requests to vacate the order and remand for a rehearing. Finding no abuse of discretion by the district court in denying the petition to modify Barela's sentence, we affirm that decision.